[No. 4,584.]

## F. F. GALLARDO v. THE ATLANTIC AND PACIFIC TELEGRAPH COMPANY.

BILL OF EXCEPTIONS.—The Supreme Court will not proceed to settle a bill of exceptions which the Judge of the Court below properly refused to settle.

IDEM.—The Supreme Court will not settle a bill of exceptions when the Court below refused to settle the same because a notice of the application for a settlement had not been given to the adverse party.

THE petition for the settlement of the bill of exceptions was filed in the Supreme Court on the thirteenth day of January, 1875.

The other facts are stated in the opinion.

*Gallardo*, for the motion.

*Crane & Boyd*, Contra.

By the Court, RHODES, J.:

This is an application to this Court, under Section 652 of the Code, to settle a bill of exceptions, which, it is alleged, the Judge of the Court below refused to settle. The section provides that, "if the Judge in any case refuse to

allow an exception in accordance with the facts, the party desiring the bill settled may apply, by petition, to the Supreme Court to prove the same." It is not the purpose of the section to require this Court to discharge the duties of the Judge of the Court below, but only to provide a mode for the settlement of a bill, in case the Judge of the Court below, upon a proper application therefor, refuses to settle any bill of exceptions, or refuses to settle a bill in accordance with the facts. This Court will not proceed to settle a bill which the Judge of the Court below properly refused to settle.

Section 650, as it stood at the time of the alleged application, required the proposed bill, containing an exception to any ruling had up to the time of the entry of judgment, to be presented to the Judge for settlement, upon one day's notice to the adverse party, and within thirty days after the entry of judgment. In order to prove the notice of the time and place of the settlement of the bill, the affidavit of one of the attorneys of the plaintiff is annexed to the petition. The affidavit states that the affiant "left a true copy thereof (of the notice), at the office of Crane & Boyd, the attorneys for the defendant," and this is the only evidence of service of the notice. It is evident from the provisions of Section 1011 of the Code of Civil Procedure, that this does not prove service; and in addition to this, it is satisfactorily shown by the affidavits filed on behalf of the defendant, that its attorneys did not receive the notice. The Judge of the Court below, in the absence of evidence of notice to the defendant, was justified in refusing to settle the bill, and this Court, therefore, will not entertain the petition.

Petition denied.

Mr. Chief Justice WALLACE did not express an opinion.