[No. 8,037.—Department Two.]
March 23, 1882.

## PEOPLE v. A. M. CRANE, JUDGE, ETC.

BILL OF EXCEPTIONS—MISTAKE IN NAMING—STATEMENT—PRACTICE.—After judgment for the defendant, the plaintiff prepared and served a document, containing the essential requisites of a bill of exceptions, but entitled "plaintiff's proposed statement on appeal;" and the Court refused to settle the same.

*Held:* A mistake in entitling a bill of exceptions is not a sufficient ground for refusing to settle it.

ID.—ID.—ID.—There is no difference between a statement and a bill of exceptions in form or substance, except that the former follows a notice of of motion for a new trial.

APPLICATION for writ of mandamus to A. M. Crane, Superior Judge of Alameda County.

*W. H. Allen,* for Plaintiff.

*Vrooman & Hall,* for Respondent.

The COURT:

The Code makes no provision for the settlement of a "statement on appeal." It provides for the settlement of "a statement of the case." But that can not be settled until after a notice of a motion for a new trial has been served. Such statement, when settled, may be used on the motion for a new trial, and afterwards on an appeal, if one be taken, from the judgment. (C. C. P., 950.)

The relator did not serve a notice of motion for a new trial, and therefore is not entitled to have "a statement of the case," to be used on a motion for a new trial settled. And it appears that he did not prepare "a statement of the case" for that purpose. But he did prepare something which he entitled "Plaintiff's proposed statement on appeal," for which the Code makes no provision. And for that reason the respondent, as Judge of the Superior Court in which the original action was tried, refused to settle it. The objection, however, as we view it, is rather to the form than to the substance of the thing. If it had been entitled "Plaintiff's bill of exceptions," we think it clearly would have been the duty of the

Court to settle it. The exception appears to be the decision, upon the ground of the insufficiency of the evidence to justify it, and the objection specifies the particulars in which such evidence is alleged to be insufficient. Whether more of the evidence is stated with the objection than is necessary to explain it, is a question which must be determined by the Judge when he settles it. If more than is necessary for that purpose has been inserted, it is his duty to strike out so much as is unnecessary. But we do not think that a mistake in entitling a bill of exceptions is a sufficient ground for refusing to settle it. In *People* v. *Lee,* 14 Cal. 510, this Court held that there was no difference between a statement and bill of exceptions. In this State there certainly is not in form or substance. But the Code makes a distinction, by providing that one may be settled within a certain time after the entry of the judgment and the other within a specified time after the service of a notice of motion for a new trial. In this case the exception with so much of the evidence as the relator claims is necessary to explain the objection, was presented to the Judge for settlement within the time prescribed by the Code for the presentation of a bill of exceptions, and we think that it should have been treated as such notwithstanding the mistake in entitling it.

Let a peremptory writ issue as prayed.