[No. 1188.]

## THE STATE OF NEVADA ex rel. N. C. KEANE, RELATOR, v. M. A. MURPHY, DISTRICT JUDGE, ETC., RESPONDENT.

MANDAMUS — JUDICIAL OFFICER — PRELIMINARY QUESTIONS. — The rule that *mandamus* will not issue to control discretion, or revise judicial action, has no application to the determination of preliminary questions relating to the settlement of a statement on motion for new trial.

IDEM — SETTLEMENT OF STATEMENT. — *Mandamus* is a proper remedy to compel a district judge to settle a statement on motion for new trial in a case where it is his duty to settle the statement.

PRACTICE — WRITTEN NOTICE OF DECISION OF JUDGE — WHEN NOT WAIVED — TIME TO MOVE FOR NEW TRIAL. — In a case tried before the district court without a jury, where the judge announced his decision in open court, in the presence of counsel for the losing party who, at that time, requested the attorney for the opposite party to "add no more costs in entering judgment than he could help," which was assented to: *Held*, that such acts and conversations did not amount to a waiver of the right to have a written notice of the rendering of the decision, as required by section 197 of the practice act, before moving for a new trial.

APPLICATION for *mandamus*.

The facts are stated in the opinion.

*Wells & Taylor*, for Relator:

I. The judgment cannot be entered until the written findings of fact and conclusions of law are filed in the cause. (*Russell* v. *Armador*, 2 Cal. 305; *Polhemus* v. *Carpenter*, 42 Cal. 382; *Mulcahy* v. *Glazier*, 51 Cal. 626; *People* v. *Forbes*, 51 Cal. 628; *Smith* v. *Lawrence*, 53 Cal. 34; *James* v. *Williams*, 31 Cal. 211; *Hidden* v. *Jordan*, 28 Cal. 301; *Lucas* v. *San Francisco*, 28 Cal. 591; *Lyon* v. *Leimback*, 29 Cal. 139.)

II. The findings of fact and conclusions of law must precede the entry of the judgment, and support the same. (*Russell* v. *Armador*, 2 Cal. 305; *Bowers* v. *Johns*, 2 Cal. 419; *Headley* v. *Reed*, 2 Cal. 322; *Hoagland* v. *Clary*, 2 Cal. 474; *Brown* v. *Brown*, 3 Cal. 111; *Breeze* v. *Doyle*, 19 Cal. 102; *McClory* v. *McClory*, 38 Cal. 575; *Van Court* v. *Winterson*, 61 Cal. 615; *Bennett* v. *Pardini*, 63 Cal. 155; *Warring* v. *Freear*, 64 Cal. 54; *Sprick* v. *Washington*, 3 Neb. 253; *Stansell* v. *Cornig*, 21 Mich. 242; *Squier* v. *Lowenberg*, 1 Idaho, 785.)

III. The respondent ought to settle the statement. *Mandamus* is our only remedy. Appeal from his order of refusal will not lie. (*Liffingwell* v. *Griffing*, 29 Cal. 192; *Pendegast* v. *Knox*, 32 Cal. 74; *McNeven* v. *McNeven*, 63 Cal. 186; *Black* v. *Sprague*, 54 Cal. 256; *Lake* v. *King*, 16 Nev. 217; *Frazier* v. *Sup. Ct.*, 62 Cal. 49; *Carpenter* v. *Thurston*, 30 Cal. 123; *Ray* v. *Beach*, 76 N. Y. 166; *Valton* v. *N. L. F. L. A. S.*, 19 How. Pr. 516; *Kelly* v. *Sheehan*, 76 N. Y. 325; *N. Y. C. & H. R. R. Co.*, 60 N. Y. 112; *Staring* v. *Jones*, 13 How. Pr. 423; *Fry* v. *Bennett*, 7 Abb. 352; *Leavy* v. *Roberts*, 8 Abb. 310; *Gay* v. *Gay*, 10 Paige, 370; *Haack* v. *Fearing*, 4 Abb., N. S., 309; *Yorks* v. *Peck*, 17 How. 192.)

*Crocker, Curler, & Bowler*, for Respondent:

I. *Mandamus* is not the proper remedy. The office of *mandamus* is not to correct error. (*State* v. *Wright*, 4 Nev. 119; *People* v. *Sexton*, 24 Cal. 79; *People* v. *Pratt*, 28 Cal. 166; High Ex. Leg. Rem., secs. 177, 189; *Ex parte Koon*, 1 Denio, 644; High Ex. Leg. Rem., sec. 156, and authorities cited in note; *Life & F. Ins. Co.* v. *Adams*, 9 Pet. 573.)

II. It is sufficient that the discretion of the judge has been exercised in determining whether the application for a new trial was or was not made in time, and whether correctly or erroneously decided, it cannot be questioned or corrected by *mandamus*. (*Ex parte Davenport*, 6 Pet. 661; *Ex parte Poultney*, 12 Pet. 472; *Sturgis* v. *Joy*, 2 Ell. & Bl. 739; *Hoole* v. *Kinkead*, 16 Nev. 218.)

III. If relator is entitled to any relief at all, it is by appeal from the order of the district judge, disregarding the notice of intention to move for a new trial, and thereby refusing to consider it, or to settle the statement, — the same being a special order made after the final judgment entered in said cause. (1 Comp. L. 1391, 3d subd.; *Marshall* v. *Golden F. M. Co.*, 16 Nev. 172; *Gillman* v. *Contra Costa Co.*, 8 Cal. 52; *Gillman* v. *Contra Costa Co.*, 10 Cal. 508; *Clarke* v. *Crane*, 57 Cal. 629.)

IV. An objection for want of findings cannot, in the first instance, be taken advantage of in this court. (1 Comp. L. 1669; *Warren* v. *Quill*, 9 Nev. 259; *McCluskey* v. *Gerhauser*, 2 Nev. 47;[1] *Whitmore* v. *Shiverick*, 3 Nev. 289; *Smith* v. *Curtis*, 7 Cal. 584; *Bostwick* v. *McCorkle*, 22 Cal. 669; *Russell* v. *Denni-*

---

1 90 Am. Dec. 512.

*son*, 45 Cal. 337; *Lobdell* v. *Hall*, 3 Nev. 507; *Bassett* v. *Monte C. M. Co.*, 15 Nev. 301; *Withee* v. *Brooks*, 65 Me. 14.)

V. Relator is not entitled to any relief whatever, by *mandamus*, appeal, or otherwise, for the reason that the court committed no error in disregarding relator's notice of intention to move for a new trial, or the so-called statement in support thereof. Relator had actual notice, i. e., knowledge of the decision of the judge more than ten days prior to the giving of the notice of intention to move for a new trial, and the so-called statement filed in support thereof. Actual knowledge is notice. (*Lightstone* v. *Laurencel*, 2 Cal. 106.)

VI. Relator waived the manner of giving notice in this case. (*San Fernando F. A.* v. *Porter*, 58 Cal. 81; *Corbett* v. *Swift*, 6 Nev. 194; *Hunter* v. *Truckee Lodge*, 14 Nev. 28; *Conkling* v. *King*, 10 N. Y. 446; *Coddington* v. *Davis*, 3 Denio, 16; *Yates* v. *Russell*, 17 Johns. 461.)

By the Court, LEONARD, J.:

This is an application for a writ of mandate to compel respondent to settle a statement on motion for new trial in the case of *D. D. Murphy* v. *N. C. Keane et al.*, wherein judgment was recovered against defendants for the sum of four hundred and eighty-four dollars and eighty-nine cents, besides costs. The action was tried by the court without a jury, and after taking the matter under advisement for several days, the court announced its conclusions orally in open court, and instructed plaintiff's attorneys to prepare findings accordingly. No findings were filed, but on the same day judgment was signed and entered for the sum above stated, besides costs.

At the time of the oral announcement, counsel for defendant, Keane, relator herein, were in court and heard the conclusions and orders above referred to. Within a half-hour thereafter, one of relator's attorneys requested plaintiff's attorneys "to add no more costs in entering the judgment than they could help," and plaintiff's attorneys consented. No written notice of the rendering of the decision was given or received, as required by section 197 of the practice act, but in thirty-five days after the entry of judgment, relator's attorneys, by other means, learned that such entry had been made, and in forty-four days prepared, and caused to be filed and served, a proper

statement on motion for a new trial, on the grounds of insufficiency of evidence to justify the decision and judgment of the court, and errors in law occurring at the trial which were duly excepted to by defendant. Counsel for plaintiff proposed amendments which relator refused to accept; but on the same day, and, we shall presume, at the same time, gave notice to relator's attorneys that on a subsequent day stated they would move the court to disregard and decline to consider plaintiff's notice of intention to move for a new trial and the statement thereon, because they had not been made in time. Thereupon relator, by his attorneys, notified plaintiff's attorneys that on a subsequent day named the statement and amendments would be submitted to respondent at his chambers for settlement. On the day named, counsel for defendant protested against any settlement of the statement, on the ground that no notice of motion for a new trial had been given within the time required by the statute.

Upon the facts stated above, respondent held that no written notice of the rendering of the decision was required, and consequently that the notice of intention to move for a new trial was not given in time. He therefore denied the application to settle the statement.

1. It is urged by counsel for respondent that relator is not entitled to the remedy sought — *first*, because, upon contested issues of fact and law, respondent arrived at a judicial determination, and that the office of *mandamus* is not to correct errors; and *second*, because relator has another plain, speedy, and adequate remedy at law, to wit, the right of appeal from respondent's order denying his application for a settlement of the statement. It is firmly established that "*mandamus* will not issue to control discretion or to revise judicial action. Where the act to be done is judicial in its character, the writ will not direct in what manner the inferior court shall act, but only direct it to act." (*People* v. *Weston*, 28 Cal. 640; *Hoole* v. *Kinkead*, 16 Nev. 218; *State* v. *Wright*, 4 Nev. 119.) But there is a limitation to the above rule, which is stated by Mr. Hayne as follows: "The rule above stated applies only to the *act to be commanded* by the writ, and not to the determination of purely preliminary questions. In every case in which an officer is to take any action, — as for example the auditing of a claim by a cromptroller, its payment by a treasurer, the levying of a

tax by municipal authorities, the execution of a deed by a sheriff, the settlement of a statement or bill of exceptions by a judge, and the like,—the officer must first make up his mind as to whether the conditions upon which he is to act exist. In arriving at his conclusion he may have to ascertain the meaning of a law, or satisfy himself as to the existence of facts, or both. Such questions may be of extreme difficulty. The law governing the case may be obscure and ambiguous, and the facts may depend upon conflicting evidence. But they have to be determined by the officer in every case, whatever may be the nature of the act to be performed. In determining them he must, as a matter of course, exercise his judgment, and in one sense may be said to act judicially. Such questions, however, are distinct from the act to be performed. They are not what the writ commands, if issued. The writ does not command the officer to make up his mind as to whether the act is proper to be performed. The court determines that question before issuing the writ. * * * The question must be determined, in the first instance, by the officer, before he performs, or refuses to perform, the act, and afterwards by the court, before the writ can issue. As they must be determined before the act can be commanded, they are clearly distinct from and preliminary to the act. Now the rule above stated does not apply to such preliminary questions. If it did, no writ of *mandamus* could ever issue, and the machinery provided by the code for trying such questions would be useless. The distinction above stated applies, not only where the act to be performed is purely ministerial,—such as the signature of a warrant, the payment of a claim, or the like,—but also where it is judicial in its nature. Thus the settlement of a statement or bill of exceptions by a judge is a judicial act; but before it is done, the judge must pass upon the preliminary questions whether the party has a right to have a statement or bill, and if he has, whether the one presented is in proper form and regularly presented—questions often calling for the exercise of nice discrimination, and certainly as much 'judicial' as any other questions. But it is well settled that if the judge erroneously refuses to settle the statement or bill, a writ of *mandamus* will be awarded to compel the settlement, not in any particular way, but one way or the other." (Hayne N. T., sec. 323.)

In *State* v. *Laughlin*, 75 Mo. 358, where the inferior court

had determined that it had no jurisdiction, and that another tribunal had exclusive jurisdiction, and for that reason had declined to proceed to a final disposition of a criminal case, and had ordered it transferred to the other tribunal for that purpose, upon an application for a *mandamus* to compel the inferior court to proceed, the supreme court held that it would inquire into the question of jurisdiction, and if it existed, would issue the writ. The writ was issued. (And see *State* v. *Twenty-sixth District Judge*, 34 La. Ann. 1177; *Floral Springs Water Co.* v. *Rives*, 14 Nev. 433; *Beguhl* v. *Swan*, 39 Cal. 411; *In re Milner* v. *Rhoden*, 6 Eng. Law & Eq. 373.)

The questions passed on by respondent were merely preliminary to the settlement of the statement, and the general rule invoked by his attorneys does not apply to them. Unless there are other grounds for a denial of the writ, it will be our duty to re-examine the questions passed on by respondent.

2. Had relator another plain, speedy, and adequate remedy in the ordinary course of law? It is said that he had, because the order denying the application for a settlement of the statement is appealable. We shall not stop to decide this question. Until the decision in *Calderwood* v. *Peyser*, 42 Cal. 111, wherein it was held that an order striking out a statement was appealable, the supreme court of California uniformly held that such an order was not appealable. In *Clark* v. *Crane*, 57 Cal. 634, where the judge below denied an application to settle a statement, the supreme court seems to have held that such an order is appealable. But the court added: "It may be said that where the remedy by appeal is not a speedy and adequate remedy, the writ of mandate should issue. This was so held in *Merced M. Co.* v. *Fremont*, 7 Cal. 130. Then, admitting, for the argument, that the remedy by *mandamus* is the proper one, by reason of the fact that the remedy by appeal is not plain, speedy, and adequate, does it follow that the writ must go in such a case as this?"

The court then examined the facts, and upon them decided that, in any event, the order of the court below must be affirmed. Therefore the writ was denied.

It is evident that the supreme court of California does not regard the right of appeal from an order refusing to settle a statement as necessarily fatal to an application for a writ of mandate, because, in *People* v. *Crane*, 60 Cal. 279, decided two

years after *Clark* v. *Crane*, the same court issued a peremptory writ commanding the settlement of a bill of exceptions, saying that there was no substantial difference between a statement and bill of exceptions, save as to the time of settlement. *Mandamus* has been, and, we judge, is regarded as the proper remedy in California to compel the settlement of statements on motion for a new trial. (*People* v. *Lee,* 14 Cal. 510; *People* v. *Rosborough,* 29 Cal. 416; *People* v. *Keyser,* 53 Cal. 184; *Lin Tai* v. *Hewill,* 56 Cal. 118; *People* v. *Crane,* 60 Cal. 279.)

In *State* v. *Wright* this court said: "The mere fact that an action or proceeding will lie does not necessarily supersede the remedy by *mandamns*. The relator must not only have a specific, adequate, and legal remedy, but it must be one competent to afford relief upon the very subject-matter of his application; and if it be doubtful whether such action or proceeding will afford him a complete remedy, the writ should issue;" 10 Nev. 175; and see *Babbock* v. *Goodrich,* 47 Cal. 488.)

In *La Grange* v. *State Treasurer,* 24 Mich. 477, it is said: "It is the inadequacy, and not the mere absence, of all other legal remedies, and the danger of a failure of justice without it, that must usually determine the propriety of this writ. Where none but specific relief will do justice, specific relief should be granted if practicable." (And see *Etheridge* v. *Hall,* 7 Port. (Ala.) 54.)

Mr. Hayne, in his work on New Trial and Appeal, at page 409, says: "In any case an appeal would involve much more time than an application for *mandamus.* And in view of the fact that after it has been determined that the statement ought to have been settled the party has still a long litigation before him, it would seem that an appeal from the order refusing the settlement would not be a ' plain, speedy, and adequate remedy,' and therefore that, even where the order is appealable, the party may apply for the writ."

We conclude that *mandamus* is the proper remedy, and that the writ must issue, if respondent ought to have settled the statement.

3. It is conceded by counsel for respondent that, ordinarily, when an action is tried by the court, the party intending to move for a new trial may do so at any time within ten days after receiving notice in writing of the rendering of the decision of the judge, and that the ten days do not begin to

run until the notice is given. But it is claimed that in this case they began to run on the day that the court's decision was orally announced in court, and the judgment filed, for the reasons, as before stated, that counsel for relator heard the oral announcement, and afterwards requested one of plaintiff's attorneys to " add no more costs in entering judgment than he could help." Respondent held that " when a party, against whom a judgment is entered, is present in court, and requests a favor of the prevailing party in relation to said judgment so entered, then no written notice is required." That relator might have waived notice we have no doubt (*Corbett* v. *Swift*, 6 Nev. 195), but we do not think he did so. The legal presumption of a waiver of any right by a litigant will not be drawn, except in a clear case, and especially not, when to allow such presumption, would be to deprive a party of his day in court. (*Williams* v. *Keller*, 6 Nev. 141; see, also, *Munch* v. *Williamson*, 24 Cal. 167; *Johnston* v. *Yale*, 19 La. Ann. 212; *Killip* v. *Empire Mill Col.* 2 Nev. 40.)

It is averred in the petition of relator that the request, to the effect that " no more costs be added in entering judgment than could be helped," was made on the street, and in conversation relating to her sickness, which made her incapable, at the time, of advising as to what steps should be taken in the case, and this averment is not denied; but the result would be the same if it had been made in open court. Certainly there was no express waiver; and plaintiff's attorney, to whom the request was made, does not claim, in his affidavit, that he was thereby induced to think that notice was waived, or that he and his associates failed to give the notice by reason of the request. He says he consented to what was asked, but he nowhere asserts that he, in fact, did anything, or failed to do anything, that would not have been done, or left unperformed, if he and relator's attorney had had no conversation.

It is common knowledge among attorneys that items of doubtful legality are oftentimes inserted in cost bills, saying nothing about such as are absolutely illegal; and many times, in doing what the law requires, more expense may be made than is necessary. To infer that the request was intended to include such acts as the law and practice of courts demanded would be presuming in favor of a waiver that deprives relator of a legal right. Suppose counsel for plaintiff had filed their

memorandum of costs without verification, we hardly think they could have justified their action by invoking the waiver now claimed; and yet, had they done so, they would have saved relator the cost of verification, as in the case in hand he was saved the expense of filing the notice. If an attorney does his duty, he cannot help doing what the law commands him to do, in the absence of a plain waiver of a right that can be waived. From the language used by relator's attorney, respondent had no right to presume that he intended to waive the performance of any statutory requirement, or that plaintiff's attorney would have been justified in thinking that they had been waived. It is well settled that under a statute like ours no oral communication is sufficient, and that no presence in court, and hearing the decision announced, satisfies the law. (*Fry* v. *Bennett,* 16 How. Pr. 404.)

A party undertaking to limit the time for moving for a new trial or appealing is held to strict practice. (*In re New York C. & H. R. R. Co.,* 60 N. Y. 115.)

In *Rankin* v. *Pine,* 4 Abb. Pr. 309, it was held that in order to limit the right of appeal, service of written notice upon the party was necessary, even when the appeal is from a judgment entered by the appellant himself. (And see *Staring* v. *Jones,* 13 How. Pr. 423; *Valton* v. *National Loan Fund L. A. Soc.,* 19 How. Pr. 517.)

In *Biagi* v. *Howes,* 66 Cal. 469, the court said: "We are of opinion that the true construction of the statute (section 659, Code Civil Proc.) is, that a party intending to move has a right to wait for a notice in writing (section 1010, Code Civil Proc.) of the decision from the adverse party before giving notice of intention to move for a new trial, and that he is entitled to such notice of decision before he is called on to act, although he is present in court when the decision is rendered, and waives findings, and asks for a stay of proceedings on the judgment. This is much the best rule. It is more certain and definite, and prevents controversies, which, under any other construction, would be likely to arise, and above all, accords, in our opinion, with the intention of those enacting the statute. (*Carpentier* v. *Thurston,* 30 Cal. 125; *Roussin* v. *Stewart,* 33 Cal. 210; *Sawyer* v. *San Francisco,* 50 Cal. 375.)"

Mandate ordered.