[No. 7455. Department One. — January 26, 1886.]

JOSEPH CRAIG, APPELLANT, *v.* J. D. FRY ET AL., RESPONDENTS.

CONTRACT — COVENANTS — PERFORMANCE — ACTION TO RECOVER CONTRACT PRICE — PARTIES. — The contract on which the action was brought was entered into between the defendants, acting on behalf of the Los Prietos Mining Company, as parties of the first part, and the plaintiff and two other persons, acting on behalf of the Santa Inez Quicksilver Mining Com-

pany, as parties of the second part. By the terms of the contract the parties of the second part covenanted that the plaintiff should perform certain work for the defendants, in consideration of which the defendants promised to pay the plaintiff a stipulated amount. The action was brought to recover a balance alleged to be due the plaintiff on the contract price. *Held*, that the plaintiff could maintain the action without joining the other parties of the second part as plaintiffs.

ID. — PERSONAL LIABILITY OF PROMISORS. — *Held further*, that the Santa Inez Quicksilver Mining Company was not a necessary party plaintiff, nor was the Los Prietos Mining Company a necessary party defendant, and that the defendants were personally liable on the contract.

APPEAL FROM JUDGMENT — STATEMENT OF CASE — NEW TRIAL. — A statement of the case used on the hearing of a motion for a new trial is a part of the record upon which an appeal from the judgment may be heard.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*G. E. Harpham*, for Appellant.

The defendants were personally liable on the contract. (*Haskell* v. *Cornish*, 13 Cal. 47.) The plaintiff could maintain the action in his own name. (1 Parsons on Contracts, 13.)

*Robert Y. Hayne*, for Respondents.

The contract was not the personal act of the defendants. (*Haskell* v. *Cornish*, 13 Cal. 45; *Fowle* v. *Kerchener*, 87 N. C. 49; *Farmers' and Mechanics' Bank* v. *Colby*, 64 Cal. 352; *Bean* v. *Pioneer Mining Company*, 66 Cal. 451; *Simpson* v. *Garland*, 72 Me. 140; *Abbott* v. *Cobb*, 17 Vt. 592; *Stearns* v. *Allen*, 25 Hun, 558; *Metcalf* v. *Williams*, 104 U. S. 93.)

McKEE, J.—This was an action brought by Joseph Craig against J. D. Fry, Eugene L. Sullivan, and Edward J. Pringle. The complaint contains statements of two separate causes of action: the first counts upon a contract in writing, which it is alleged "defendants and plaintiff made on the 12th of December, 1874, whereby

the plaintiff agreed to erect and complete, at or near the Santa Inez quicksilver mine, situate in the Santa Cruz mining district, county of Santa Barbara, state of California, a first-class furnace . . . . of the style known as the Neat Furnace, capable of working twelve tons per day of Santa Inez quicksilver-bearing ore without the use of a blower"; and deliver the same erected and completed to the Los Prietos Mining Company immediately, or as soon as the weather will permit, after the date hereof; "for which defendants agreed to pay, or cause to be paid, to the plaintiff eleven thousand dollars in United States gold coin, six thousand dollars of which in cash at the time of making said contract, and the balance of five thousand dollars thereof whenever and as soon as said furnace should be completed."

These averments were followed by allegations of performance by the plaintiff, acceptance, and payment by defendants upon the contract of the sum of eight thousand five hundred dollars, leaving due and unpaid a balance of two thousand five hundred dollars, which they refused to pay upon demand before the commencement of the action.

The second cause of action was for services rendered by plaintiff, between the 12th of December, 1874, and the 19th of February, 1875, for the defendants, " by occupying and maintaining possession of, cutting trails, building roads, erecting houses, prospecting mines, etc., upon the lands and mining claims of the Los Prietos Mining Company, situate in the county of Santa Barbara, and state of California, for which the defendants promised to pay so much as the same should be reasonably worth, in United States gold coin."

The allegations of the complaint were specifically denied; and as separate and distinct defenses it was averred: 1. That there was a misjoinder of parties plaintiff and defendants, in that Heydenfeldt, Brown, and the Santa Inez Mining Company were not joined as

plaintiffs, and the Los Prietos Mining Company was not joined as defendant; and 2. That the services rendered by Craig in the construction, completion, and delivery of the furnace, and in the work done upon the lands and mining claim of the Los Prietos Mining Company, were rendered by the plaintiff under and in performance of a contract in writing which was made and entered into at San Francisco, in the state of California, on the twelfth day of December, A. D. 1874, by and between J. D. Fry, Eugene L. Sullivan, and Edward J. Pringle, acting on behalf of Los Prietos Mining Company, parties of the first part, and Solomon Heydenfeldt, Harvey S. Brown, and Joseph Craig, acting on behalf of the Santa Inez and Scott Quicksilver Mining companies, parties of the second part, by which, in consequence of mutual covenants between the contracting parties, the parties of the second part, Heydenfeldt, Brown, and Craig, agreed as follows: "And the parties of the second part further agree that the said Craig shall, for and in consideration of the said sum of eleven thousand dollars ($11,000), provide materials and labor, and erect and complete at or near the said Santa Inez quicksilver mine, and deliver to the Los Prietos Mining Company, immediately or as soon as the weather will permit after the date hereof, a first-class furnace, of the same style as that now being used on the Saint Johns Company's works, in Solano County, and known as the Neat Furnace; said furnace to be capable of working twelve (12) tons per day of Santa Inez quicksilver-bearing ore without the use of a blower, . . . . for which the said Fry, Sullivan, and Pringle, as parties of the first part, agreed that they would cause to be paid by Los Prietos Mining Company as a charge upon its capital stock (which the parties of the first part had agreed to increase to eleven million dollars, divided into one hundred and ten thousand shares of the par value of one hundred dollars each), the sum of eleven thousand dollars ($11,000) gold coin, to the said Craig;

six thousand dollars ($6,000) thereof cash, and the balance whenever and as soon as the said Craig shall have completed the furnace by him hereinafter contracted to be erected." And it was further agreed "that the cost of erecting the furnace and apparatus now in process of erection upon the mines of Los Prietos Mining Company . . . . shall be a charge upon the whole capital stock, so increased, of Los Prietos Mining Company.

"In witness whereof, the parties aforesaid have hereunto set their hands at San Francisco on the day and year aforesaid, in duplicate.

"In the presence of            "J. D. FRY.

                              "E. L. SULLIVAN.

                              "EDWARD J. PRINGLE.

                              "S. HEYDENFELDT.

                              "H. S. BROWN.

                              " JOSEPH CRAIG."

This contract the plaintiff offered in evidence as proof of the allegations of the first count of his complaint. But the court, against his objection and exception, excluded the evidence, and that is assigned as error.

It will be observed that the excluded contract corresponds with the alleged contract of the plaintiff's cause of action in date, in the object of the contract so far as it relates to the subject-matter of the action, in the compensation payable upon performance of the work, in the terms or payment, in the name of the party to whom, and the names of the parties by whom, payment was to be made. It is true that the excluded contract contains other covenants than the one upon which the plaintiff's action is founded; and the covenantors and the covenantees named in it are joint contracting parties, except as to the provisions for erecting a furnace upon the mining claim of the contracting parties. As to that particular of the contract, while the covenants are joint, the interest of Craig in the covenants is several. Fry, Sullivan, and Pringle promise to pay *him*—and him only

—the sum of money covenanted to be paid, according to the terms of the contract, upon completion and delivery of the furnace. The obligation to pay was therefore joint, and the obligation to do the thing contracted for, although in one sense joint, was several, for Heydenfeldt, Brown, and Craig covenanted that Craig would erect, complete, and deliver the furnace according to the terms of the contract, for a compensation payable to him; the covenant was therefore made for his benefit and in his interest, so far as related to the thing which he was to do; and although the contract was made by several jointly, "it is to be measured and molded according to the interests of the covenantees"; and each shall be entitled to sue and recover for a breach so far as his own interests extend. (*Anderson, Administrator*, v. *Martindale*, 1 East, 497; Platt on Cov., p. 123.) In Parsons on Contracts, vol. 1, p. 13, the rule upon the subject is thus stated: "If the contract contains distinct grants or promises of distinct sums to distinct payees, they would then have several interests, and *certainly may*, perhaps must, bring separate actions." And the code rule is, that every action must be prosecuted in the name of the real party in interest. (Code Civ. Proc., sec. 367.)

As payee of the compensation to which he was entitled under the covenant for building the furnace, Craig was the only party interested in the recovery. Although Heydenfeldt and Brown guaranteed performance of the work by Craig, they had no interest in the thing to be recovered; therefore they were not necessary parties plaintiffs to the action, nor was the Santa Inez Quicksilver Mining Company a necessary party plaintiff; and as Fry, Sullivan, and Pringle were the only promisors, the Los Prietos Mining Company was not a necessary party defendant.

The contract was admissible as evidence of the allegations of the complaint as to the performance of the work by Craig, to whom the promise of payment for it was

made, and of the compensation to which he was entitled for performance.

But it is insisted that as each of the contracting parties acted on behalf of the respective mining corporations named in the contract, the defendants were not personally bound to pay.  That question, however, was not involved in the objection to the admissibility of the contract: it could not properly arise until the contract was in evidence; it was therefore a question which went to the effect and not to the admissibility of the contract as evidence.  But the terms of the covenant in the contract, out of which arises the obligation to pay for the furnace, clearly manifest that the obligation of the defendants was personal, and not representative.

The court erred in excluding the evidence and in granting a nonsuit.

The statement of the case used on the hearing of a motion for a new trial is part of the record upon which an appeal from the judgment may be heard.   (Code Civ. Proc., sec. 950; *People* v. *Crane*, 60 Cal. 279.)

The appeal from the order denying the motion for a new trial was taken too late, and the appeal must be dismissed.

Appeal from order dismissed.

Judgment reversed, and cause remanded for a new trial.

McKINSTRY, J., and Ross, J., concurred.

Hearing in Bank denied.