83  159
86  235
83  159
121  419
83  159
122  2

---

[No. 13462.  Department One. — February 25, 1890.]

## JUE FOOK SAM ET AL., RESPONDENTS, *v.* GEORGE LORD, APPELLANT.

NEW-TRIAL STATEMENT — APPEAL FROM JUDGMENT — BILL OF EXCEPTIONS. — A statement not used on motion for a new trial cannot be used on appeal from the judgment; and if the proper steps for a new trial have not been taken in time, and for that reason the judge has refused to settle a statement, such statement cannot be used on motion for a new trial, and cannot therefore be used on appeal from the judgment.  Where the party aggrieved desires to rely upon insufficiency of the evidence or errors not appearing upon the judgment roll, he must either secure a bill of exceptions under sections 649 or 650 of the Code of Civil Procedure, or take the proper steps to complete a motion for new trial under section 659.

ID. — REFUSAL OF JUDGE TO SETTLE STATEMENT — APPEALABLE ORDER. — The trial judge may properly refuse to settle a new-trial statement if the notice of the motion for a new trial or the proposed statement has not been served in time, and cannot be required to settle such statement merely to be used on appeal from the judgment.  Whether the refusal of the judge to settle such statement is an appealable order is not decided.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing to settle a statement on motion for new trial.

The facts are stated in the opinion of the court.

*Vincent Neale*, for Appellant.

*Cross & Simonds*, for Respondents.

PATERSON, J.—Judgment was entered in the court below in favor of the plaintiff on February 20, 1889, for

the sum of $774.74 and costs, and the defendant appealed therefrom to this court on April 8, 1889.

The complaint states facts sufficient to constitute a cause of action, the verdict of the jury covers all the issues, and the judgment follows the verdict; there is, therefore, no merit in the appeal from the judgment.

The notice of intention to move for a new trial was not filed or served until March 9, 1889, more than ten days after entry of the verdict and judgment, and the proposed statement on motion for a new trial was not served on the attorney of defendant until April 25, 1889. The judge of the court below declined to settle the statement, on the ground that neither the notice of intention nor proposed statement was served in time. Defendant thereupon appealed from the order refusing to settle the statement.

There is no doubt that the steps taken by defendant in his proceedings for a new trial were not within the time required by law, and that the statement, if settled, could not have been used in support of his motion. This his counsel concedes. It is claimed, however, that on his appeal from the judgment he was entitled to a statement, and there being no time fixed by law within which such statement is to be served, and having the right under the statute to appeal from the judgment at any time within a year after its entry, his statement was prepared and served within a reasonable time, and should, therefore, have been settled by the judge as a statement on appeal.

The code provides that "any statement *used on motion for a new trial,* . . . . or any bill of exceptions settled as provided in sections 649 or 650, or *used on motion for a new trial,* may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing the new trial." (Code Civ. Proc., sec. 950.) Unless the statement was *used* on motion for a new trial, it cannot be used on appeal from the judgment. The letter

and spirit of the code provisions unite in showing that it was the aim of the legislature to require a party desiring to review a decision of the trial court on matters of fact, or its rulings at the trial, to take some steps to correct the error while the history of the trial is fresh in the memory of the judge and the parties. If the aggrieved party desires the court which tried the case to review its own decisions of law or of fact, and grant a new trial, he "must, within ten days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, . . . . file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds," etc.; and thereafter he must prepare and serve his bill or statement within the time fixed. (Code Civ. Proc., sec. 659.) Any such bill or statement *used* on motion for a new trial may be used on appeal from a final judgment, although there has been no appeal from the order, if it appear from the certificate of the judge, or otherwise, that it was used on the hearing of the motion. If the proper steps have not been taken in time, and for that reason the judge has refused to settle the bill or statement, it is not one which has been *used on motion for a new trial,* and cannot, therefore, be used on appeal from the judgment.

If the party aggrieved does not desire to ask the court below to review its own rulings, but prefers to appeal directly to this court from the judgment, he may do so, and may have the rulings of the trial court reviewed by complying with the provisions of sections 649 and 650, *supra.* Those sections provide: "A bill containing the exception to any decision may be presented to the court or judge for settlement, at the time the decision is made, and after having been settled, shall be signed by the judge and filed with the clerk." (Code Civ. Proc., sec. 649.) "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within

ten days after the entry of judgment, if the action were tried with a jury, or after receiving notice of the entry of judgment, if the action were tried without a jury, or such further time as the court in which the action is pending, or a judge thereof, may allow, prepare the draught of a bill, and serve the same, or a copy thereof, upon the adverse party." (Code Civ. Proc., sec. 650.)

It does not follow that because the party aggrieved has been given a year within which to appeal from the judgment, he may wait a year, or nearly a year, before serving the statement or bill upon which he relies to show error in the rulings of the court. The provisions of the code which we have cited show that where the party aggrieved intends to rely upon the insufficiency of the evidence or upon errors of the court not appearing upon the face of the judgment roll, he must present a bill containing the exception at the time the decision is made (sec. 649, *supra*), or must within ten days after the decision serve his proposed bill (sec. 650, *supra*); and in order that a fair and reliable record of the evidence and proceedings may be preserved, the legislature has provided that when the motion is to be made on the minutes of the court (in which case the statement need not be settled until after the motion is heard and determined), the *notice of intention* must specify the particulars in which the evidence is claimed to be insufficient, and the particular errors upon which the moving party relies. (Sec. 659, subd. 4.)

The old Practice Act provided for statements on appeal and statements on motion for a new trial, and the latter could not be used in place of the former in the absence of a stipulation. The code originally did not provide for statements at all, but amendments were made in 1874 restoring statements on motion for new trial, and providing that they might be used on appeal from the judgment if *used* on the motion. As appellant never used any statement on his motion for a new trial, and did not

present any bill of exceptions under the provisions of sections 649 and 650, *supra*, he lost his right to a statement or bill of exceptions on appeal from the judgment, and the judge properly refused to settle the statement presented to him.

This subject is very carefully and thoroughly considered by Mr. Hayne in his New Trial and Appeal, chapter 44.

We have discussed this matter of practice upon the assumption that an appeal lies from an order refusing to settle a statement. Counsel for respondent contend that there is no appeal from such an order. It is unnecessary, in view of what we have said, to decide whether the order is appealable. There is no merit in either appeal.

The judgment and order are therefore affirmed.

Fox, J., and WORKS, J., concurred.