# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[L. A. No. 301.   Department Two.—August 30, 1898.]
## W. G. WITTER, Appellant, v. J. P. ANDREWS et al., Respondents.

STATEMENT—BILL OF EXCEPTIONS—APPEAL.—The Code does not provide for a statement upon appeal from a judgment, and without a motion for new trial the appellant is not entitled to a statement of the case to be used on such appeal.   But he is entitled to a bill of exceptions, which does not substantially differ from a statement of the case, and should not be deprived of the fruits of the appeal, for calling the document presented a statement rather than a bill of exceptions.

ID.—PRESENTATION TO JUDGE FOR SETTLEMENT—PREVIOUS NOTICE ESSENTIAL.—Five days' notice to the adverse party of the presentation of a proposed statement or bill of exceptions, and the amendments thereto, to the judge for settlement, pursuant to section 650 of the Code of Civil Procedure, is essential to the validity of the presentation.   Subsequent notices of the fact of presentation after it has been made, and of a time for settlement, are too late; and, in such case, it is error for the judge to settle the statement or bill, against the objection of the adverse party.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.   V. A. Gregg, Judge.

The facts are stated in the opinion.

G. F. Witter, Jr., for Appellant.

Unangst & Kemp, for Respondents.

CHIPMAN, C.—Action to enforce payment of an assessment for street work. Judgment was given for defendants on motion for nonsuit, from which and from the order granting defendants' motion plaintiff appeals. The judgment was filed and entered June 26, 1896, and notice of judgment was served June 27th. The record shows the following: July 6th, plaintiff served his proposed statement on appeal; on July 11th, defendants served proposed amendments to statement; July 15th plaintiff delivered to the judge the proposed statement and amendments; July 30th, plaintiff served notice on defendants that the statement and amendments were presented to the court July 15th for settlement; and on August 1st, he served notice on defendants that the statement would be presented to the judge for settlement on August 8th. At the hearing defendants' attorney filed written objections to the settlement of the statement. The court overruled the objections and settled the statement, to which defendants excepted. Plaintiff did not move for a new trial, and no notice of such motion was necessary to entitle him to have the errors reviewed of which he complains if he had pursued the statutory course. Plaintiff presented for settlement what he termed "a proposed statement on appeal." The code makes no provision for the settlement of a statement on appeal (Code Civ. Proc., sec. 950), and as he did not serve a notice of motion for a new trial he is not entitled to have "a statement of the case" to be used on an appeal from the judgment. But he was entitled to a bill of exceptions, and, as there is no substantial difference between a statement and a bill of exceptions, he should not be deprived of the fruits of his appeal because he called the document presented a statement rather than a bill of exceptions. (*People v. Crane,* 60 Cal. 279. See, also, *Jue Fook Sam v. Lord,* 83 Cal. 159.) Treated as a bill of exceptions, section 950 of the Code of Civil Procedure requires it to be settled as provided in section 649 or 650 of the Code of Civil Procedure. It is provided by section 650, *supra,* that when the proposed amendments to the bill are served "the proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge."

In this case plaintiff delivered the proposed statement and amendments to the judge within the time required, to wit, July 15th, but he did not serve at that time any notice on defendants. Plaintiff did, however, on July 30th, notify defendants that he had presented the statement and amendments to the judge for settlement on the fifteenth day of July. Later, August 1st, he notified defendants that the statement and amendments would be presented to the court for settlement on August 8th, and on that day the matter came up, defendants objecting as before stated. The statute plainly required that the statement and amendments should be presented to the judge within ten days, "upon five days' notice to the adverse party." The notice to the adverse party was as necessary as the presentation to the judge. The subsequent notices came too late. It was error for the judge to settle the statement against the objection of defendants. (*Henry v. Merguire*, 106 Cal. 142, and cases there cited; *Gallardo v. Atlantic etc. Co.*, 49 Cal. 510; *Jue Fook Sam v. Lord*, *supra;* Hayne on New Trial and Appeal, sec. 260.)

The judgment should be affirmed.

Belcher C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Henshaw, J., Temple, J., McFarland, J.