· [Civ. No. 153.    First Appellate District.—February 17, 1906.]

## LOUISE SAUER, Respondent, v. EAGLE BREWING COMPANY, Appellant.

NEW TRIAL—BILL OF EXCEPTIONS—RELIEF FROM DEFAULT IN SERVICE —DISCRETION—REVIEW UPON APPEAL.—Where a bill of exceptions on motion for a new trial was not served in time, the trial court had power, under section 473 of the Code of Civil Procedure, to relieve the moving party from his default, upon a sufficient showing of mistake, inadvertence or excusable neglect; and where the affidavit of the counsel for the moving party showed that he believed, and had cause to believe, that his managing clerk had in due time obtained an order extending time to serve the bill for

thirty days, and that immediately upon discovering the contrary he applied for relief under that section, and the order of the court relieving him of the default gave him only the thirty days which the court might have originally granted, such order will be presumed upon appeal to have been properly granted, and no abuse of discretion appearing, will not be interfered with by this court.

ID.—LEAVE TO SERVE "STATEMENT"—IMMATERIAL DISTINCTION.—There is no substantial distinction between a "statement" and a "bill of exceptions." Although the notice of intention to move for a new trial stated that the motion would be made upon a "bill of exceptions," and the relief applied for and obtained from the court was to serve a "statement," the appellant should not be deprived of the fruits of his appeal because he called the document presented a statement rather than a bill of exceptions. .

ID.—UNTENABLE OBJECTION BY RESPONDENT—WAIVER.—Where the sole objection made in the trial court by the respondent to appellant's application for relief from default in the service of a "statement" was that there was in fact no mistake, inadvertence or excusable neglect of the appellant, respondent's objection upon appeal that the relief granted was to serve a "statement" and not a "bill of exceptions" is not tenable.

NEGLIGENCE—COLLISION AT STREET CROSSING—PLEADINGS—AMENDED COMPLAINT—ANSWER TO ORIGINAL COMPLAINT—TRIAL—REVIEW UPON APPEAL.—In an action for negligence, where the original complaint charged that defendant's servant carelessly drove a team of horses and wagon against plaintiff at a street crossing, and the answer denied the negligence, and pleaded contributory negligence, and an amended complaint charged the exact locality of the accident, and described more particularly the manner of driving the team, and no answer was filed to the amended complaint nor default taken thereupon, but the issues were tried both as to negligence and contributory negligence in all respects as if the issues raised by the answer were before the jury, and the verdict was for the plaintiff, the plaintiff cannot object upon defendant's appeal that the judgment must be affirmed, merely because no answer was filed to the amended complaint, and that there were no issues to be tried.

ID.—IMPROPER MODIFICATION OF INSTRUCTION—PRESUMPTION OF NEGLIGENCE FROM COLLISION INAPPLICABLE.—Where an instruction of the defendant as to the burden of proof upon the plaintiff to show defendant's negligence "outside of the mere fact that a collision occurred" was improperly modified by striking out the quoted words, the presumption of negligence from the accident has no application to a case where both parties were in the exercise of an equal right, and are chargeable with the same degree of care, at a street crossing.

ID.—NEGLIGENCE OF PLAINTIFF—CARE OF DEFENDANT TO AVOID INJURY
—KNOWLEDGE OF DANGER—ERROR IN REFUSING INSTRUCTIONS.—
Instructions requested by defendant to the effect that before he
can be held liable for failing to use ordinary care to avoid injur-
ing. a plaintiff who has by his own negligence placed himself in a
position of danger, the defendant must have actual knowledge of
the dangerous position of the plaintiff, correctly stated the law, and
there being some evidence in the case to which they were applicable,
and no similar instructions being embodied in the charges, it was
reversible error to refuse them.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

H. G. W. Dinkelspiel, for Appellant.

Frederick J. Castelhun, for Respondent.

HALL, J.—This is an appeal by defendant from a judg-
ment in favor of plaintiff, and also from the order denying
defendant's motion for a new trial.

It first becomes necessary to dispose of some objections raised
by respondent to the consideration of the appeal upon its mer-
its. It is first objected that the bill of exceptions cannot be con-
sidered because not served in time; and secondly, that though
the court, on application of defendant, relieved defendant,
under section 473 of the Code of Civil Procedure, of its de-
fault in not serving its bill in time, it granted leave to serve
a statement on motion for a new trial, and not a bill of excep-
tions. From the record it appears that the verdict was ren-
dered December 8, 1903, and on the eighteenth day of Decem-
ber, 1903, defendant served and filed its notice of intention
to move for a new trial, wherein it stated that said motion
would be made on a bill of exceptions thereafter to be settled.

First, as to the point that the bill of exceptions or statement
was not served in time, it is allowable for the trial court to
relieve a party under section 473 of the Code of Civil Proce-
dure from his default upon sufficient showing of mistake, inad-
vertence, or excusable neglect. (*Stonesifer* v. *Kilburn*, 94 Cal.
33, [29 Pac. 332]; *Sprigg* v. *Barber*, 118 Cal. 592, [50 Pac.

682]; *Banta* v. *Silla*, 121 Cal. 414, [53 Pac. 935].) And
where such an order has been made by the trial court, all
doubts as to the propriety of such order must be resolved in
favor of the action of the lower court, and this court will only
interfere with such action when it appears that the trial court
or judge has been guilty of a gross abuse of discretion.
(*Banta* v. *Silla, supra.*)   Applying these principles to the case
at bar, it is clear that the trial judge was not guilty of an
abuse of discretion.   The affidavit of appellant's counsel
shows that he thought, and had good reason to think, that
through his managing clerk he had in due time obtained an
order from the court extending his time to serve the bill for
thirty days.   As soon as he discovered that he had not, he
moved, under section 473, to be relieved of his default, and
the order of the court gave him only such time as he might
have originally obtained—that is to say, the bill was under
the order served within the thirty days that the court might
have originally granted.

Neither do we think that we should disregard the bill of
exceptions or statement (it is headed "Bill of Exceptions"
and is described in the certificate allowing the same as the
"foregoing statement"), for the reason that the motion made
to the court was for leave to serve a statement, although the
notice of intention to move for a new trial stated that it would
be made on a bill of exceptions.   There is no substantial differ-
ence between a bill of exceptions and a statement.   (*People* v.
*Lee*, 14 Cal. 510; *People* v. *Crane*, 60 Cal. 279; *Witter* v. *An-
drews*, 122 Cal. 1, [54 Pac. 276].)   In *People* v. *Crane, supra,*
the trial judge was compelled by writ of mandate to settle as
a bill of exceptions a document that the appellant had entitled
a statement of the case.   In *Witter* v. *Andrews, supra,* the
court said: "But he was entitled to a bill of exceptions, and,
as there is no substantial difference between a statement and a
bill of exceptions, he should not be deprived of the fruits of
his appeal because he called the document presented a state-
ment rather than a bill of exceptions."   The objection of re-
spondent is not tenable for a further reason, in this, that she
does not seem from the record to have resisted the motion for
leave to serve a statement on the ground that the notice of
intention to move for a new trial stated that it would be made
on a bill of exceptions, but she contented herself with present-

ing such facts as tended to show that there was no mistake, inadvertence, or excusable neglect.

Respondent also makes the point that as no answer was ever filed by defendant to plaintiff's amended complaint the judgment and order appealed from must be affirmed. Upon this point the record shows that plaintiff's original complaint was filed June 20, 1903, and charged, in substance, that a servant of defendant carelessly drove a team of horses and wagon against plaintiff at the crossing of Howard and Twenty-second streets, whereby plaintiff was greatly injured, etc. To this complaint defendant filed an answer, wherein it took issue with the material allegations of the complaint, and also expressly pleaded contributory negligence on the part of plaintiff. Subsequently plaintiff, by leave of court, filed an amended complaint, wherein she charged that the injury and accident occurred at the crossing of Howard and Twenty-third streets, and somewhat more particularly described the manner in which the servant of defendant drove the team. No answer was filed to this amended complaint, nor was a default entered or taken for failure to answer thereto; but when the case came on for trial the cause was tried in all respects, both in the manner of taking the evidence and in charging the jury, as if issues arising out of denials of all the material allegations of the complaint, as well as the issue of contributory negligence, were before the court and jury. Under these circumstances we do not think that respondent can for the first time in this court raise the point that there were no issues to be tried by the jury. In the case of *Gale* v. *Tuolumne Water Co.*, 14 Cal. 26, no answer was filed to an amended complaint, but the parties went to trial as if on issues joined by the pleadings; and it was held that the objection that there were no issues to be tried could not for the first time be made in the appellate court by the losing party. The only difference between that case and the case at bar is that in that case the losing party in the trial court was the plaintiff, while here it is the defendant. But the principle involved is the same. (See, also, *McDougald* v. *Hulet*, 132 Cal. 154, [64 Pac. 278].)

Having disposed of the preliminary objections made by respondent, we now take up a discussion of the points urged by appellant for a reversal. It is contended that the evidence

is insufficient to support the verdict, in that there was no evidence of negligence on the part of defendant, and that the evidence shows without conflict that plaintiff was guilty of contributory negligence, and that the verdict is excessive. The action is one for damages claimed to have resulted to plaintiff from injuries received by her while crossing Twenty-third street along the easterly crossing of Howard street, by being struck by the pole of a wagon driven by the servant of defendant. Inasmuch as we think the judgment and order must be reversed for errors of law, we do not think it advisable to pass upon the questions in this paragraph stated.

The defendant asked the court to charge the jury as follows: "In order for the plaintiff to be entitled to recover against the defendant, the plaintiff must show, by preponderance of evidence outside of the mere proof of the fact that a collision occurred, that such collision was due to the negligence of defendant; and, if the plaintiff has failed to show by preponderence of evidence satisfactory to your mind that the accident or collision in which the plaintiff received her injuries was caused by the negligence of the defendant, then the plaintiff is not entitled to recover against the defendant, and your verdict must be in favor of the defendant." The court struck out the words "outside of the mere fact that a collision occurred," and as thus modified gave the instruction. We think the instruction should have been given as asked. There are cases where the mere fact of the accident raises a presumption that defendant was negligent, as in cases of injuries to passengers on vehicles of common carriers, because of the special care that the common carrier owes to its passengers. This rule is not limited to injuries to passengers, but exists wherever the circumstances impose upon one party alone the obligation of special care. (Cooley on Torts, 799.) The application of the rule that proof of the accident alone may raise a presumption of negligence on the part of defendant is quite fully discussed in *Judson* v. *Giant Powder Co.*, 107 Cal. 549, 48 Am. St. Rep. 146, [40 Pac. 1020]. The rule has no application, we think, where, as in this case, both the parties were in the exercise of an equal right and each chargeable with the same degree of care. The modification of the instruction, however, was probably not important, for the plaintiff, the driver of the team, and bystanders gave testimony in detail as to the circum-

stances of the accident; and it is almost inconceivable that the jurors would have drawn any deductions as to the cause of the accident from the mere fact of the accident. The simple omission of the words under discussion from an instruction is quite a different affair from an affirmative instruction that negligence on the part of defendant may be inferred from the mere proof of the accident. We therefore pass without further comment to the discussion of another question of more importance.

After instructing the jury that plaintiff could not recover if she and defendant were both guilty of negligence that proximately contributed to the injury complained of, the court, in an instruction numbered 19 in the record, charged the jury as follows: ''But there is a further principle firmly established in this state, that one having an opportunity, by the exercise of proper care, to avoid injuring another, must do so, notwithstanding the latter has placed himself in a position of danger by his own negligence. Another statement of the same rule is as follows: He who last has a clear opportunity of avoiding the accident by the exercise of proper care to avoid injuring another must do so.'' No fault is found with this instruction by appellant as a generally correct statement of a proposition of law; but appellant does complain of the refusal of the court to give two instructions asked by appellant (Nos. 11 and 13), each of which embodies the proposition that before a defendant can be held liable for failing to use ordinary care to avoid injuring a plaintiff who has, by his own negligence, placed himself in a position of danger, the defendant must have actual knowledge of the dangerous position of the plaintiff. Each of these instructions correctly stated the law, and should have been given, as there was evidence in the case to which such instructions were pertinent. In *Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651] , the court said: ''Doubtless notwithstanding the negligence of a plaintiff has put him in peril, yet if his danger is perceived in time by the defendant so that, by the exercise of ordinary diligence on his part, injury can be avoided, the defendant will be held for the injury. But that is based upon the fact that a defendant did actually know of the danger—not upon the proposition that he would have discovered the peril of the plaintiff but for remissness on his part. Under this rule a defendant is not

liable because he ought to have known.'' To the same effect are *Esrey* v. *Southern Pacific Co.*, 103 Cal. 541, [37 Pac. 500], and *Wahlgren* v. *Market St. Ry. Co.*, 132 Cal. 656, [62 Pac. 308, 64 Pac. 993].

In his brief, counsel for respondent does not attempt to dispute the soundness of the law of the requested instructions now under discussion, but contents himself with the statement that they were substantially given. He does not, however, call our attention to any instruction that was given that he claims to be in substance the same, and after a careful examination of the record, we have found none.

The order and judgment must be reversed, and it is so ordered.

Harrison, P. J., and Cooper, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1906.