[Civ. No. 3544. Second Appellate District, Division Two.—May 20, 1921.]

## L. A. LESURE, Respondent, v. GEORGE H. HUTTON, Administrator, etc., et al., Appellants.

[1] NEW TRIAL—STATEMENT ON MOTION—AUTHENTICATION BY JUDGE. A statement on motion for new trial, like a bill of exceptions, is incomplete and ineffective until it has been allowed and settled by the trial judge.

[2] ID.—APPEAL — TRANSCRIPT — STIPULATION OF COUNSEL — INSUFFICIENT AUTHENTICATION OF STATEMENT ON MOTION FOR NEW TRIAL. A certificate of counsel at the end of a transcript on appeal containing a statement on motion for a new trial not settled by the judge, certifying as to the correctness of the copies of the documents in the transcript, does not supply the lack of authentication by the judge.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. J. Mossholder for Appellants.

A. T. Roark for Respondent.

WORKS, J.—The defendants appeal from a judgment for plaintiff. Appellants complain of certain alleged errors of law occurring at the trial, but respondent contends that there is before us no properly authenticated record upon which we may base a consideration of the questions appellants seek to present. The appeal was taken under the original as distinguished from what is known as the alternative method of appeal.

The printed transcript on appeal contains a number of pages of matter under the heading, "Statement on Motion for a New Trial," but there is nothing in the record to show that the statement was ever settled by the trial judge. There is at the end of the transcript the usual certificate of counsel, taking the place of a certificate of the clerk, to the effect that "the foregoing transcript is correct and contains a true copy" of certain named documents, including the statement mentioned above, "all as the same are on file or of record in the office" of the clerk of the trial court, in the action.

[1] A statement on motion for a new trial, like a bill of exceptions, is incomplete and ineffective until it has been allowed and settled by the judge (Code Civ. Proc., sec. 653; *People* v. *Crane*, 60 Cal. 279; *Witter* v. *Andrews*, 122 Cal. 1 [54 Pac. 276]; *Sauer* v. *Eagle Brewing Co.*, 3 Cal. App. 127 [84 Pac. 425]). A bill of exceptions, so called, is not a bill of exceptions before settlement, nor is a document styled a statement on motion for a new trial really such a statement before settlement. The character of such documents is truly reflected in the parlance of the practice, for, before settlement they are called respectively *proposed* bills of exceptions and *proposed* statements; and, until settlement, they are but the *ex parte* recitals of the parties proposing them. [2] Appellants are not helped out of their plight by the presence of the certificate of counsel at the close of the transcript, for that certificate, being merely for the authentication of the papers as they appear on file, in no sense supplies the lack of an authentication by the judge, by way of settlement of a bill of exceptions or statement, of

occurrences at the trial (*Fitzpatrick* v. *Fitch*, 83 Cal. 490
[23 Pac. 531]; *Muzzy* v. *D. H. McEwen Lumber Co.*, 154
Cal. 685 [98 Pac. 1062]; *Knox* v. *Schrag*, 18 Cal. App. 220
[122 Pac. 969]).

The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.