[S. F. No. 16366. In Bank.—April 22, 1940.]

STERLING REALTY COMPANY (a Corporation), Appellant, v. EMILY RELFE et al., Respondents.

Phil F. Garvey for Appellant.

John J. O'Toole, City Attorney, Norman Sanford Wolff, Deputy City Attorney, and Ralph Alfred Wood, Jr., for Respondents.

SHENK, J.—The petitioner, Sterling Realty Company, applied to this court to prove the reporter's transcript of the record on appeal in the case of *Sterling Realty Co., Plaintiff,* v. *Emily Relfe et al., Defendants* (No. 279945 in the

Superior Court in and for the City and County of San Francisco), and to have the chief justice certify such record, pursuant to the provisions of section 652 of the Code of Civil Procedure. An order to show cause was issued.

The plaintiff commenced the pending action to quiet title to numerous lots in the city and county of San Francisco. The petition herein discloses that the plaintiff had been the owner of the lots, but that they had been sold to Emily Relfe, defendant in said action, pursuant to street improvement assessment bond foreclosures. The plaintiff in said action applied for a temporary restraining order and a temporary injunction. The court issued an order restraining the execution and delivery of any deed or deeds to the property pending the hearing on an order to show cause why a temporary injunction should not be granted. The defendants answered and the issues framed by the pleadings came on for trial without any further action or hearing in the injunction proceeding. The court made and filed its findings of fact and conclusions of law in favor of the defendant and rendered judgment accordingly.

The plaintiff appealed from the judgment and gave notice for the preparation of a transcript pursuant to section 953a of the Code of Civil Procedure. Upon the hearing for the settlement of said transcript, the defendant, city and county of San Francisco, moved to strike therefrom the application for the restraining order, the affidavit in support thereof and the order to show cause issued thereon. The court granted the motion on the ground that the same were not a part of the trial proceedings and refused to certify the transcript as ''in accordance with the facts'', unless such matter was deleted. The plaintiff thereupon applied to this court to have the transcript certified with the inclusion therein of the matters ordered stricken by the trial judge.

The petitioner asserts that the refusal of the trial judge ''to certify the transcript in accordance with the facts'' will deprive it ''of its substantive legal rights in the prosecution and presentation of its appeal''. But nowhere is it shown that the exclusion or inclusion of said matter would affect any question arising upon the appeal from the judgment, which is on the merits of the case. The petitioner appears to rest upon the contention that certain language of section 953a of the Code of Civil Procedure authorizes the granting of its request. The pertinent provision of that section is:

"If the judgment, order or decree appealed from, be not included in the judgment roll, the party desiring to appeal shall, on the filing of said notice, specify therein such of the pleadings, papers, records and files in said cause as he desires to have incorporated in said [reporter's] transcript in addition to the matters hereinbefore required and the same shall be included."

The foregoing provision limits the transcript prepared thereunder to the pleadings, papers, records and files "in said cause". It refers to the "cause" tried before the court which pronounced the judgment appealed from. The injunction proceeding here in question was not a part of the cause tried. It related to a provisional remedy sought in advance of the trial. The return to the order to show cause herein shows that the proceeding on the application for a temporary restraining order and a temporary injunction was had in another department of the superior court and before another judge; and that the application and affidavit in support thereof were not introduced in evidence on the trial of the cause on the merits and were not before the trial court in arriving at its decision.

The petitioner makes no contention that the transcript is not otherwise in compliance with the statute. As the additional matters sought now to be included had no part in the determination of the case, we conclude that the trial judge properly refused to include them in the transcript. The petitioner is, therefore, not entitled to the relief sought. (*Gallardo* v. *Atlantic Pac. Tel., etc.*, 49 Cal. 510.)

The order to show cause is discharged and the petition is denied.

Curtis, J., Carter, J., Gibson, J., Waste, C. J., Houser, J., and Edmonds, J., concurred.