[S. F. No. 1017. Department One.—May 26, 1899.]

EMILIE G. COHEN et al., Appellants, v. CITY OF ALA-
MEDA et al., Respondents.

OPENING AND EXTENDING STREET—VALIDITY OF ASSESSMENT—CONSTITU-
TIONAL LAW.—The act of March 6, 1889, providing for opening and
extending public streets is constitutional and valid; and an as-
sessment made therefor in proportion to the benefits to be de-
rived from the improvement, which is confirmed by the city
council without objection, cannot be complained of as uncon-
stitutional.

ID.—DESCRIPTION OF LAND TO BE TAKEN—EXCEPTION OF OPEN WAYS.—
If the boundaries of the space over which the street is to be
opened are clearly defined, and all land held in private owner-
ship within the boundaries specified is to be taken therefor,
the description of the land to be taken by metes and bounds, is
not impaired by an exception of "all lands now held by said
city, or the people of the state, as open ways," without describ-
ing the exceptions.

ID.—AMENDMENT OF COMPLAINT—PROOF OF PRIVATE OWNERSHIP.—An
amendment of the complaint for the purpose of supporting proof
that all the property within the lines of the proposed street was
held in private ownership, and evidence in support thereof, was
unnecessary, but harmless.

ID.—ERROR IN DESIGNATION OF CORPORATE OWNER.—An error in the
designation of the name of a corporate electric railway in an as-
sessment made upon its property, which was paid by the cor-
poration owning the property assessed, must be disregarded un-
der section 12 of the act of 1889, under which the street was
opened and extended; and such error cannot sustain an ob-
jection that the assessment was not made upon all the prop-
erty within the district benefited by the improvement.

MOTION FOR NEW TRIAL—SURPRISE—APPEAL—UNAUTHENTICATED AFFI-
DAVIT.—An affidavit of surprise, printed in the transcript upon
appeal, to the effect that remarks made by the court at the trial
induced the defendant to withhold testimony, and that the
subsequent contrary ruling of the court constituted a legal sur-
prise, if not contained in any bill of exceptions nor authenticated
as having been used, on the motion for a new trial, otherwise
than by the unauthorized certificate of the clerk, cannot be con-
sidered.

ID.—INSUFFICIENT SHOWING OF SURPRISE.—An affidavit of surprise, lead-
ing to the withholding of testimony, without any affidavit of the
evidence which would have been introduced, or anything to
make it appear that a different finding would have been made,
is not a sufficient showing of legal surprise to justify a new
trial.

· APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.    W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Alfred H. Cohen, for Appellants.

J. W. Goodwin, George T. Wright, and Reed & Nusbaumer, for Respondents.

HARRISON, J.—The city of Alameda instituted proceedings April 23, 1894, under the provisions of the act of March 6, 1889 (Stats. 1889, p. 70), for opening and extending Lincoln avenue from its western terminus, as then laid out, to the eastern line of Versailles avenue, by passing a resolution of its intention to do so, describing the land deemed necessary to be taken therefor, and also specifying the exterior bounds of the district to be affected and benefited by said improvement.    After passing the order for the improvement, commissioners to assess benefits and damages accruing therefrom were appointed, who afterward made and filed a report of their assessment, accompanying the same with a plat of the assessment district, showing the lands to be taken for the improvement and also the lands assessed therefor.    The entire cost of the improvement was assessed upon one hundred and twelve separate parcels of land within the assessment district.    This report and assessment was afterward approved and confirmed by the city council, and a certified copy thereof delivered to the superintendent of streets, who caused to be published a public notice thereof, and calling for the payment of said assessments.    The assessments, not having all been paid within the time limited in said notice, the superintendent of streets advertised the same as delinquent, and published a notice that on a certain day he would sell the land assessed in satisfaction thereof.    Nine of the lots so assessed are owned by the four plaintiffs herein, and they instituted the present action to enjoin the sale threatened by the superintendent, and to have the assessment declared void.    Judgment was rendered in the superior court in favor of the defendants, from which, and also from an order denying a new trial, the plaintiffs have appealed.

1. The constitutionality of the act of March 6, 1889, was fully considered by this court and upheld in *Davies v. Los Angeles*, 86 Cal. 37. *Norwood v. Baker*, 172 U. S. 269, cited by the appellants, arose under a statute radically differing from the above act. In that case the ordinance under which the improvement was made provided that the entire expense thereof should be assessed "by the front foot" upon the lands abutting upon the portion taken for the street. The land taken for the street, as well as all of the land assessed, was owned by the same person, and in accordance with the ordinance the entire cost of the improvement, including the value of the land taken, together with the cost and expense of the condemnation proceedings, were assessed against other portions of the tract of land through which the street was opened belonging to the same owner as that taken for the street and abutting upon the street, as opened, at an arbitrary rate per front foot, without regard to the benefits accruing to the lands assessed. In the present case the commissioners appointed to make the assessment reported that their assessment upon the lands within the district had been made by them in proportion to the benefit to be derived from the improvement, and this report and assessment was afterward confirmed by the city council without any objection thereto so far as appears from the record herein. The plaintiffs herein do not complain of the correctness of the amount awarded for the land to be taken, nor do they claim that the cost of the improvement has not been equitably apportioned upon the lands assessed therefor, or that their lands have not been benefited to the extent of the assessment thereon.

2. It is contended by the appellants that the description in the resolution of intention of the land to be taken for the improvement is insufficient as a basis for the subsequent proceedings, and that by reason thereof the city never acquired any jurisdiction to authorize the opening of the street and the assessment therefor. The objection to the description is that, after defining by specific boundaries the particular strip of land deemed necessary to be taken for extending and opening the street, there are added thereto the words: "Excepting therefrom all land now held by said city, or the people of said state, as open ways"; and it is urged that the lands to be taken must

be capable of ascertainment from the description in the resolution itself, and that by reason of this exception the description is not complete, and can be ascertained only by evidence outside of the resolution.

We are of the opinion, however, that the sufficiency of the description is not impaired by this exception. The boundaries of the space over which Lincoln avenue is to be opened and extended as a public street between the designated termini, are clearly defined, and whatever land is held in private ownership within these boundaries is to be taken for that purpose. The main object of requiring a description of the land to be taken is to define the location of the improvement and to give information to the owners of the land which is to be taken, as well as to those within the district to be assessed therefor of the intended improvement. By this notice the owners of the land to be taken can determine whether to assent or object to the same, and the owners of the lands to be assessed therefor have the opportunity to object also to the extent of the district to be assessed therefor. The city council determines in the first instance whether the public interest demands the opening of the street, in view of the demand for such thoroughfare at that place, and without any regard to the ownership of the land within the proposed lines of the street. If, as a matter of fact, a portion of the land within these boundaries has already been appropriated to public use, or is held by the city or state "as open ways," the land deemed necessary to be taken is sufficiently described by designating in the resolution the outer lines of the proposed improvement, without any mention of such open ways, or by excepting the same, without describing the exceptions. In either case the parties to be affected by the proposed improvement are fully notified of every fact necessary for the protection of their interests. As any land within the limits of the proposed street already appropriated to public use would not be "taken" for the improvement, whether included or excepted from the description, the failure to include or except it does not impair the sufficiency of the resolution. The exception of such portion of the designated strip as is already held by the city or state "as open ways" is as complete as if the land to be taken had been described as that portion within the des-

ignated boundaries which is not already occupied as an open street. Street improvements which are assessed upon adjacent property are governed by the same principles as control the present case, and under the statute authorizing such improvements it has been held that the sufficiency of the description was not impaired by excepting from the street to be improved "that portion required by law to be kept in order by the railroad company having its tracks thereon" (*Whiting v. Townsend,* 57 Cal. 515), or that a street be paved with basalt blocks "where not already so paved." (*Williams v. Bergin,* 116 Cal. 56.) Under these authorities it must be held that the description herein was sufficient. The amendment to the complaint, and the evidence offered in support thereof for the purpose of showing that all of the property within the lines of the proposed street was held in private ownership, though unnecessary, was harmless, and wrought no injury to the appellants.

3. The objection by the appellants that the assessment was not made upon all the property within the district benefited by the improvement is based upon the fact that certain property within the district was owned by the Alameda, Oakland & Piedmont Electric Railway Company, and that no assessment was made to that corporation. It was shown, however, that this property was assessed to the Alameda & Oakland Electric Railway Company, and that the assessment therefor had been paid. All the property within the district was, therefore, assessed, and section 12 of the act provides that "Error in the designation of the owner or owners of any land or improvements, or of the particulars of their interest, shall not affect the validity of the assessment, or of the condemnation of the property to be taken."

4. In the transcript on appeal there is printed an affidavit to the effect that by reason of certain remarks of the court at the trial of the cause the appellants were induced to withhold certain testimony, and that the subsequent ruling of the court contrary to its statement constituted a legal surprise. This affidavit is not contained in any bill of exceptions, or in anywise authenticated as having been used at the hearing of the motion for a new trial, except by a certificate of the clerk, and, therefore, cannot be considered. (*Melde v. Reynolds,* 120 Cal. 234.) It

may be added in addition thereto that the appellants did not produce at the hearing of their motion for a new trial any affidavit of the evidence that they would have introduced, or make it appear that a different finding would have been made. (See, also, *Fisk v. Casey*, 119 Cal. 643.)

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.