[L. A. No. 3834. Department One.—October 25, 1917.]

## R. WAYMIRE et al., Appellants, v. CALIFORNIA TRONA COMPANY (a Corporation) et al., Respondents.

APPEAL—DISMISSAL OF ACTION—AFFIDAVITS USED ON HEARING—LACK OF AUTHENTICATION—INSUFFICIENT GROUND FOR DISMISSAL OF APPEAL.—An appeal from an order dismissing an action for lack of diligent prosecution will not be dismissed for lack of proper authentication of the affidavits used on the hearing of the motion to dismiss the action, as such omission does not forbid the examination of such parts of the record as is properly before the appellate court.

ID.—AUTHENTICATION OF AFFIDAVITS ESSENTIAL.—Affidavits used on a motion must be identified and authenticated by the trial judge before they can be considered by the appellate court, and the certificate of the clerk cannot take the place of the authentication by the judge.

ID.—DISMISSAL OF ACTION — INCOMPLETE RECORD ON APPEAL — PRESUMPTION.—On appeal from an order dismissing an action, the order must be affirmed, where the record is incomplete and does not contain all the evidence upon which the court acted, since it must be presumed that the court was justified in making the order.

ID.—FINDINGS—ORDER AFTER MOTION.—Findings on an order made after motion are not required.

APPEAL from an order of the Superior Court of San Bernardino County dismissing an action and from the judgment entered thereon.   Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Thos. O. Toland, for Appellants.

Perry Evans, and Daley & Byrne, for Respondents.

LAWLOR, J.—This is an appeal by the plaintiff Waymire from an order dismissing the action in the lower court for lack of diligent prosecution, and from the judgment entered thereon.

The facts appearing in the order of dismissal show that on June 23, 1913, defendant California Trona Company filed in the United States Land Office, at Independence, Inyo County, California, its application for a patent to certain placer mining claims in San Bernardino County, and published notice of the application in the "Randsburg Miner" for sixty days, in accordance with section 2325 of the Revised Statutes of the United States, [U. S. Comp. Stats. 1916, sec. 4622; 5 Fed. Stats. Ann. 31], and said sixty days expired on August 27, 1913.  On August 25, 1913, plaintiffs filed their adverse claim, which must be filed during the period of publication, and which stayed all proceedings on defendant's application in accordance with section 2326 of the Revised Statutes of the United States [U. S. Comp. Stats., sec. 4623; 5 Fed. Stats. Ann. 35], until the controversy between the parties should have been settled by a court of competent jurisdiction, or the adverse claim waived.  Such claim would be waived, according to the statute, by failure to file a complaint seeking a settlement of the right of possession within thirty days of making the adverse claim, or by failure to prosecute the action with reasonable diligence to final judgment.  Plaintiffs filed their complaint in the superior court of San Bernardino County on September 24, 1913, but did not cause summons to be issued thereon until February 5, 1914, nor served until February 6, 1914.  On January 30, 1914, defendant served and filed its notice of motion to dismiss the action for lack of diligent prosecution, together with an affidavit in support thereof.  On February 9, 1914, when the motion was heard,

plaintiffs filed two counter-affidavits opposing the motion, and also filed the summons showing proper service as indicated above. After the reading of the affidavits and the introduction of oral testimony by the plaintiffs, and argument of respective counsel, the court ruled that the plaintiffs had not been diligent in prosecuting their action as required by section 2326 of the Revised Statutes of the United States, and ordered the action dismissed.

The first point made by the respondent is that the appeal should be dismissed for defects in making up the record. The record on appeal is prepared under the alternative method, and consists of a "clerk's" and a "reporter's" transcript. The reporter's transcript, to which are attached the certificates of the reporter and the judge who heard the motion, contains only the oral testimony and the ruling of the court, together with the reporter's memorandum that the various affidavits that had been filed were read. The affidavits themselves do not appear in this transcript. They do appear in the clerk's transcript, together with the notice of motion to dismiss. The clerk's transcript has only the certificate of the clerk reciting that the papers included therein are true and correct copies of original records in his office. Respondent's contention is that the notice of motion and the three affidavits should have been included in the reporter's transcript, and not in the clerk's transcript, where they have no place. The affidavits are not authenticated by the certificate of the judge because they do not appear in the original reporter's transcript; neither does the certificate of the clerk identify the affidavits as having been used on the hearing of the motion. In fact, respondent argues, it cannot be properly ascertained from the record what affidavits were used or that the ones set out in the clerk's transcript, if used at all, are the only ones so used. From this the conclusion is urged that since all intendments are in favor of the action of the trial court, it must be assumed in this court that there was sufficient evidence, not appearing in the record, to sustain the order. All of this is included in respondent's brief in the form of a motion to dismiss the appeal. Appellant, in his reply brief, contends that the notice of motion and the affidavits are properly in the clerk's transcript, but if they should have been included in the reporter's transcript, then he asks leave of this

court to amend, in accordance with rules XIV and XV [160 Cal. 1, (119 Pac. xii)]. Respondent's brief pointing out the alleged defects in the record was served on the attorney for the appellant on July 11, 1914. On November 30, 1914, appellant presented to the trial court a supplemental reporter's transcript containing the notice of motion to dismiss, together with the three affidavits, as well as the complaint, summons, order of dismissal, reporter's certificate, and clerk's certificate, and asked the judge who heard the motion to attach his certificate thereto authenticating the affidavits as those used by him on the hearing of the motion. The court refused to certify on the grounds that the alleged error in preparing the record was the fault of appellant or his attorney, and that in any event appellant had waited too long after receiving respondent's brief which pointed out the alleged defects. The record of the proceedings in the trial court on the request for the certificate of the judge is now before us, as well as the supplemental transcript filed without such certificate, and we are asked to consider such transcript as a part of the record on appeal should we decide that the original record is defective.

We will take up, first, the respondent's motion to dismiss the appeal. The motion will be denied. There is no contention that the appeal was not regularly taken. The only objection is to the preparation of the record, in failing to include the affidavits in the reporter's transcript. This absence of a proper authentication by the trial judge precludes only the consideration of these particular papers, but does not forbid an examination of the record that is properly before us.

It has long been settled, with regard to the affidavits used on a motion, that they must be identified and authenticated by the trial judge before they can be considered by this court. The certificate of the clerk cannot take the place of the authentication by the judge. (*Nash* v. *Harris,* 57 Cal. 242; *Fish* v. *Benson,* 71 Cal. 428, 432, [12 Pac. 454]; *Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 749]; *Estate of Gamble,* 166 Cal. 253, 256, [135 Pac. 970].) This rule is now so well established that any further discussion of it is unnecessary. The same rule must be applied in cases arising under section 953a of the Code of Civil Procedure. The judge alone is competent to certify to what was used on the motion. Hence there

is no other way in which the appellant can present to us the affidavits in question. The supplemental proceedings to obtain the judge's certificate were had several years ago, and nothing has been done by appellant since then. His remedy was by writ of mandate to compel a proper authentication by the judge. It is clear that the supplemental transcript without the judge's certificate is of no avail whatever.

In this state of the record, the order of dismissal must be affirmed. The reporter's transcript contains oral testimony, and recites further that certain affidavits were used in the court below supporting and opposing the motion. What those affidavits contained is not before us. The record itself shows that it is incomplete, and that all of the evidence upon which the lower court acted is not before us. All intendments are in favor of the action of the trial court, and there is not sufficient evidence in the record to show that the discretion vested in it has been abused. The matters contained in the affidavits may be entirely ample to support the order. In *Estate of Gamble,* 166 Cal. 253, 256, [135 Pac. 970, 971], a similar defect in the record led to a like ruling, the court there saying: "The record is inexcusably defective. The presumptions of law are all in favor of the action of the court below. If error is claimed, the record on appeal must contain sufficient legal evidence of it, or we must disregard the claim. Some papers which might have been admissible as evidence are set forth, but there is no certificate of the judge and nothing to show that these papers were introduced in evidence, or that they were considered by the court below in determining the case. It is clear that upon this showing we cannot consider these papers or determine that the court did not correctly compute the net proceeds of the sale of the lot."

Certain errors in the rejection of offered testimony are pointed out. But in view of the fact that we have not before us all the matters upon which the trial court acted in granting the motion, we cannot say that its rulings, if error, were prejudicial.

Appellant claims that the findings in this case were prematurely signed, because proposed findings were not served upon him five days before they were signed. It does not appear, however, that there were any findings other than a review of the facts in the order of dismissal. The universal practice in this state is not to require findings on an order

made after motion.   (See *Waller* v. *Weston*, 125 Cal. 201, [57 Pac. 892].)

Order and judgment affirmed.

Shaw, J., and Sloss, J., concurred.