[Civ. No. 3338. First Appellate District, Division One.—May 3, 1920.]

SALVADOR ESPINOSA, Appellant, v. GEORGE S. GOULD, Jr., et al., Respondents.

[1] PLACE OF TRIAL — APPEAL — AUTHENTICATION OF AFFIDAVITS.—Affidavits used on a motion for a change of place of trial must be identified and authenticated by the trial judge before they can be considered by the appellate court on an appeal from an order denying such motion.

[2] ID.—PREPARATION OF SUPPLEMENTAL TRANSCRIPT—POWER OF APPELLATE COURT TO DIRECT.—Where an appeal is taken by the alternative method under section 953a of the Code of Civil Procedure, the appellate court cannot direct the preparation of a supplemental transcript containing matters not brought before it by

reason of the failure of the appellant to give the proper notice to the clerk of the trial court.

[3] ID.—INCOMPLETE RECORD ON APPEAL—PRESUMPTION.—Where the record on appeal from an order refusing to change the place of trial shows that documentary evidence was used and testimony given on the hearing of the motion, but such evidence and testimony does not appear in the record on appeal, the appellate court has the right to and will assume, in the absence of any showing to the contrary, that the ruling of the trial court was proper.

APPEAL from an order of the Superior Court of Monterey County refusing to change the place of trial. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Z. B. Stuart and C. W. Byrer for Appellant.

C. F. Lacey and R. C. McComish, for Respondents.

WASTE, P. J.—This is an appeal by the plaintiff from an order refusing to change the place of trial. Plaintiff, theretofore adjudged to be an incompetent person, brought this action against his guardian and the other defendants, seeking to have the proceedings, whereby he was declared an incompetent, set aside as null and void, and praying for damages in the sum of twenty thousand dollars against defendants Manuel Espinosa and R. C. McComish.

The defendants demurred to the complaint, whereupon the plaintiff filed a motion for a change of place of trial, alleging in his affidavit accompanying the motion a belief that he could not have an impartial trial in the county wherein the action was brought by reason of the alleged bias and prejudice of the people of the community against him, and an alleged personal dislike on the part of the trial judge. The latter filed a counter-affidavit, in which he denied any prejudice or bias against the plaintiff, and alleged that he never had entertained and did not feel a personal dislike against him. The motion came on for hearing and was denied, the order of the court reciting, after the introductory portion, "Documentary evidence is introduced, said motion is submitted to the court for consideration and decision without argument, counsel for respective parties stipulating that the testimony in case No. 6598 be considered as given herein, and the court denies said motion."

The appeal is taken by the alternative method under section 953a of the Code of Civil Procedure. The only record brought here is the clerk's transcript, prepared on notice of the appellant. That notice specified, and the transcript contains only the pleadings, notices, affidavit, and notice of motion by the plaintiff, notice of hearing, order of continuance, counter-affidavit of the trial judge, and the order denying the motion for change of place of trial. It is certified to by the clerk of the court but not by the trial judge. [1] It has long been settled, with regard to the affidavits used on a motion, that they must be identified and authenticated by the trial judge before they can be considered by the appellate court. The certificate of the clerk cannot take the place of the authentication by the judge. There is no other way in which the appellant can present to us the affidavits on the motion in question. (*Waymire* v. *California Trona Co.*, 176 Cal. 395, 398, [168 Pac. 563].) There is neither a bill of exceptions nor a transcript of the testimony offered or taken, or of the proceedings as authorized by said section 953a.

[2] The appellant has made application here, through a suggestion of diminution of the record, for an order of this court directing the preparation of a supplemental transcript containing the matters not brought here by reason of his failure to give the proper notice to the clerk below. Such relief, if it can be given at all, should have been sought in the lower court (*Estate of Keating*, 158 Cal. 109, 113, [110 Pac. 109]), and the motion is denied.

[3] What documentary evidence was introduced and used on the motion, or what the testimony was in case No. 6598, does not appear. Consequently we have a right to and will assume, in the absence of any showing to the contrary, that the ruling of the court was proper. (*Patterson* v. *Rutherford*, 39 Cal. App. 647, [179 Pac. 704].)

The order is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 1, 1920.

All the Justices concurred.