[Civ. No. 3620.   Second Appellate District, Division One.—May 23, 1921.]

## PICKWICK STAGES, NORTHERN DIVISION (a Corporation), Appellant, v. J. E. PRICE, Respondent.

[1] Appeal—Judgment—Proceedings on Motion to Vacate Default—Insufficient Authentication.—Proceedings on a motion to set aside a default contained in a transcript on appeal from a judgment are not entitled to be included therein, where the certificate of the judge contains no statement that any of the documents in reference thereto were used or considered in connection with the motion, but merely recites that on certain pages of the transcript are set forth full and correct copies of certain documents which are described by their titles.

MOTION to strike from files parts of transcript on appeal from a judgment of the Superior Court of San Luis Obispo County. T. A. Norton, Judge. Conditional order.

The facts are stated in the opinion of the court.

Fogel & Beman for Appellant.

S. V. Wright for Respondent.

CONREY, P. J.—Respondent moves that the court strike from the files the transcript on appeal herein on the ground that it is not the transcript on appeal provided for by the Code of Civil Procedure ''and is not a transcript corrected as provided by the rules'' of this court. The argument for this motion proceeds upon the circumstance that after the clerk's transcript and the reporter's transcript had been forwarded by the clerk of the superior court to the clerk of the supreme court, and before they were filed in the office of the clerk of the supreme court, where the appeal was then pending, the clerk of the supreme court permitted the attorneys for appellant to withdraw the transcripts for the purpose of having them further certified before filing. This was done two successive times before the transcripts were filed. It is not claimed that the transcripts were modified other than by the addition of further certificates. Sufficient grounds for a motion to strike the transcripts from the files do not appear.

Alternative to the motion above noted, respondent further moves for an order striking from the transcript certain described portions thereof. This motion is made upon the ground that such portions of the record are not provided for or authorized by law, and are in violation of sections 953a and 953c of the Code of Civil Procedure and of the rules of the supreme court. From the context of the statement as contained in the notice of motion, we assume that by ''the transcript'' respondent refers to the ''reporter's transcript.''

The judgment described in the notice of appeal is a judgment based upon findings of fact pertinent to the plaintiff's alleged cause of action and upon plaintiff's default for not answering defendant's cross-complaint. Affirmative relief

was granted to defendant upon his cross-complaint. From the minutes of the court, it appears that after the default of plaintiff for failure to appear after service upon him of the cross-complaint had been entered, the plaintiff on June 23, 1919, moved that said default be set aside and that he be permitted to plead to said cross-complaint; and that on February 16, 1920, said motion was denied. The reporter's transcript consists of an original transcript purporting to contain the proceedings at the trial, and to which is annexed a supplement the contents of which are noted on the cover thereof as being "All papers, records and files in the above-entitled action not included in the judgment-roll therein." This reporter's transcript and supplement are indorsed "Filed by the Clerk of the Superior Court October 25, 1920." The supplement contains pages numbered 1 to 76. On March 4, 1921, the judge certified the original transcript in due form as a true transcript of the proceedings at the trial and further certified that the contents of the first twenty-four pages of the supplement were copies of certain writings offered in evidence at the trial. The pages thus specified are unrelated to the order refusing to set aside default. The proceedings which appellant seeks to have recognized as relating to the motion to set aside default are those contained on and following page 26 of the supplement. [1] The only certificate of the judge which touches any of these proceedings is dated February 24, 1921, being now the last page of the supplement. Therein he certifies that on pages 31 to 59 (both pages inclusive) are set forth full and correct copies of certain documents which in the certificate are described by their titles. The certificate contains no statement that any of said documents were used or considered in connection with the motion to vacate and set aside default, or at all. The notice of motion itself is contained on the pages 31 and 32. This notice, after stating the motion to be made and the grounds thereof, states that "said motion will be based upon the notice of motion, the proposed demurrer, motion to strike and answer, upon the affidavits of N. C. Folsom, C. F. Wren and upon oral and documentary evidence adduced at the hearing of said motion and upon the papers, pleadings and files in the above entitled action."

The certificate of February 24, 1921, last above mentioned, is insufficient to authorize the inclusion in the transcript of any portion of said pages 31 to 59, except possibly pages 31 and 32, which contain the notice of motion. The affidavits which follow and the proposed answer to cross-complaint may, or may not, have been used on the presentation of the motion; and they may, or may not, have constituted all of the evidence produced at that hearing.

The burden is upon appellant to show that the decision of the court below was erroneous. "This can only be shown by the record of the proceedings which have been brought before us. An appellate tribunal cannot take judicial knowledge of proceedings in lower courts. It can only act upon the record of the proceedings authenticated in the mode required by law." (*Nash* v. *Harris,* 57 Cal. 242.)

In *Waymire* v. *California Trona Co.,* 176 Cal. 395, 398, [168 Pac. 563, 565], the supreme court said: "It has long been settled, with regard to the affidavits used on a motion, that they must be identified and authenticated by the trial judge before they can be considered by this court. The certificate of the clerk cannot take the place of the authentication by the judge. . . . This rule is now so well established that any further discussion of it is unnecessary. The same rule must be applied in cases arising under section 953a of the Code of Civil Procedure."

It appearing, therefore, that the matters contained on pages 33 to 59, inclusive, of the supplement to reporter's transcript have not been so certified as to be entitled to place in the record, we are of the opinion that as to those pages, unless adequate correction can be made, the motion should be granted. The matters contained on pages 25 to 30, inclusive, and pages 60 to 76 of the supplement, being entirely excluded from the certificates made by the judge, should likewise be stricken from the transcript and supplement. Counsel for appellant have requested that in the event that the court should consider the authentication of these documents incomplete, that then appellant be authorized to withdraw the transcript for the purpose of securing further authentication (if it meet with the approval of the trial judge) as to the matters so held to be insufficiently authenticated. It is uncertain whether the defects in certification are due to inadvertence, or design, on the part of

the trial judge. It is for him, by his certificate, to say, if he can, that the documents offered to him for certification were actually used in the proceedings to which they refer. Appellants are granted leave to withdraw the reporter's transcript and supplement from the files and to refile the same with such additional certification as the trial judge may be willing to affix thereto. In the event of a failure to thus present, within thirty days, a proper record, conforming to the views herein expressed, those portions of the supplement of the reporter's transcript hereinabove specified as being insufficiently certified will be, and without further order will be deemed to be, stricken therefrom.

Shaw, J., and James, J., concurred.