[Civ. No. 4211.   Second Appellate District, Division Two.—September 18, 1923.]

## LEWIS M. OBERKOTTER, Appellant, v. JOHN D. SPRECKELS et al., Respondents.

[1] APPEAL—MOTION TO DISMISS—SUFFICIENCY OF RECORD.—An appeal from a judgment of dismissal for lack of prosecution sought to be dismissed on the ground that the evidence upon which the cause was dismissed is not presented, and that, therefore, there is nothing on appeal upon which to base a consideration of the question of an abuse of discretion on the part of the trial court in dismissing the cause, will not be dismissed where a filed supplemental transcript, which is properly certified by the clerk of the trial court, shows the dates of the filing of the complaint, the amended complaint, and the answer to the amended complaint, thus fixing the date when the action was commenced and the date upon which it was at issue, which dates were necessarily

material in aiding the trial court to determine whether the action should be dismissed for want of a diligent prosecution.

[2] ID.—INCOMPLETE TRANSCRIPT—NOT GROUND OF DISMISSAL—PRACTICE.—The filing of an incomplete transcript on appeal does not present grounds for the dismissal of the appeal; the proper practice is to dispose of such a question upon a consideration of the merits of the appeal itself.

MOTION to dismiss appeal from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Denied.

The facts are stated in the opinion of the court.

W. S. Staley and Marcus W. Robbins for Appellant.

Read G. Dilworth, Titus & Macomber and V. F. Bennett for Respondents.

WORKS, J.—This is an appeal by plaintiff from a judgment in favor of defendants. The cause is now before us on a motion to dismiss the appeal.

The judgment was one dismissing the action for lack of prosecution, and in contending for a reversal appellant makes the point that the judgment resulted from an abuse of the discretion reposed by law in the trial judge. The motion to dismiss the appeal is presented on the ground that the evidence upon which the cause was dismissed is not before us, and that, therefore, there is nothing upon which we may base a consideration of the question made by appellant. The appeal is not prosecuted under the so-called alternative method, and the printed "record" which has been furnished us contains no bill of exceptions. There is a printed "transcript on appeal" which sets forth only a notice of motion to dismiss the action, an affidavit, an order dismissing case, a notice of appeal and a certificate of the clerk of the trial court that the other papers mentioned are copies of papers on file in his office. We are also presented with a printed "supplemental transcript," containing the pleadings and minute orders making disposition of demurrers. It is contended that in the absence of a bill of exceptions or other legal means of identifying the papers used upon the motion to dismiss we are shown no record upon which we may review the judgment of dismissal en-

tered pursuant to the motion, and that under such circumstances we can do nothing but dismiss the appeal. Granting for the sake of argument, however, that all of the evidence considered on the motion to dismiss the action is not identified in the printed matter before us, certainly some of that evidence is sufficiently pointed out to us. [1] The supplemental transcript, which is properly certified by the clerk of the trial court, shows the dates of the filing of the complaint, the amended complaint, and the answer to the amended complaint, thus fixing the time when the action was commenced and the date upon which it was at issue. These dates were necessarily material in aiding the trial court to determine whether the action should be dismissed for want of a diligent prosecution. We are not, therefore, confronted by a case in which no transcript has been filed, but by one in which there is merely an incomplete transcript. [2] Such a case does not present grounds for the dismissal of an appeal (*Waymire* v. *California Trona Co.,* 176 Cal. 395 [168 Pac. 563]). The proper practice is to dispose of such a question upon a consideration of the merits of the appeal itself (*Waymire* v. *California Trona Co., supra.* See, also, *Espinosa* v. *Gould,* 47 Cal. App. 316 [190 Pac. 481]; *Lesure* v. *Hutton,* 52 Cal. App. 711 [199 Pac. 549]; *Estate of Broome,* 169 Cal. 604 [147 Pac. 270]).

Motion denied.

Finlayson, P. J., and Craig, J., concurred.