[Civ. No. 3196.   Third Appellate District.—November 29, 1926.]

## JOSEPH ARENA, Respondent, v. BANK OF ITALY et al., Appellants.

[1] ATTACHMENT — WRONGFUL RELEASE OF—ACTION FOR CONVERSION—TITLE—FINDINGS—EVIDENCE.—In this action to recover damages sustained by plaintiff by reason of the conversion of property which had been attached by plaintiff and later released by the sheriff upon presentation of a third-party claim by a bank, the contention that the evidence was insufficient to support the finding that the defendant in the attachment suit at the time of the levy of the attachment "was the owner and in the exclusive possession, custody and control of said merchandise" cannot be sustained.

[2] ID.—PLEDGE — RELEASE — NOTICE — FINDINGS—EVIDENCE.—In such action, the evidence amply sustains the finding that prior to the levy of the writ of attachment, the property in question had been pledged to the bank by the defendant in the attachment suit as does also the fact that the sheriff released the property upon the filing of an amended third-party claim and without notice to plaintiff.

[3] ID.—EXCESSIVE JUDGMENT—CLAIM WITHOUT MERIT.—In such action, the claim that the amount of the judgment in favor of plaintiff was excessive is without merit.

[4] ID.—NEW TRIAL—APPEAL—PRACTICE.—In such action, where it is urged by plaintiff (respondent on appeal) that defendants' motion for a new trial is not properly before the court in that the record is not authenticated as provided by law, the proper practice is to dispose of such a question upon a consideration of the merits of the appeal itself.

[5] ID. — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DISCRETION.—Motions for a new trial upon newly discovered evidence are not favorably regarded, and appellate courts will not disturb the action of a trial court in refusing to grant a motion of this kind, except where it clearly appears that there has been an abuse of discretion.

[6] ID.—EVIDENCE—NEW TRIAL.—In such action, the defendants cannot predicate their motion for a new trial upon evidence which was at all times in the bank's own files, or upon the testimony of one who was its employee at the time of the first trial.

___

(1) 4 C. J., p. 1110, n. 80.   (2) 6 C. J., p. 312, n. 20.   (3) 6 C. J., p. 312, n. 20.   (4) 4 C. J., p. 485, n. 99; 29 Cyc., p. 882, n. 81, p. 1009, n. 54.   (5) 4 C. J., p. 835, n. 67.   (6) 29 Cyc., p. 886, n. 5, p. 892, n. 13, p. 894, n. 18.

5.  See 20 Cal. Jur. 80; 20 R. C. L. 289.

APPEAL from a judgment of the Superior Court of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis Ferrari and J. J. Posner for Appellants.

A. P. Dessouslavy for Respondent.

PULLEN, J., *pro tem.*—Upon the original trial of this case in the superior court judgment was rendered for defendant. Thereupon an appeal was prosecuted by the plaintiff herein to the supreme court (reported in 194 Cal. 195 [228 Pac. 441]), and the judgment of the trial court was reversed, with direction to enter judgment for plaintiff. A petition for rehearing was denied, but the court directed that inasmuch as the Bank of Italy had been a coactor with its co-defendant, the sheriff, in procuring an unlawful release of attachment of the property in question and the delivery thereof to itself, the bank was liable for whatever damages plaintiff had sustained by reason of the conversion of the property.

Thereupon the trial court entered judgment for plaintiff in accordance with the directions of the supreme court and also gave its judgment for the amount of damages sustained by plaintiff by reason of the conversion mentioned. The facts in issue are fully set forth in the opinion of the supreme court written by Mr. Justice Richards and need not be repeated.

Appellants rely upon three grounds for reversal: 1. Insufficiency of the evidence to support the findings; 2. Excessive amount of the judgment; 3. Error of the trial court in denying defendants' motion for a new trial.

It may be conceded for the purposes of this opinion that, inasmuch as on the former appeal the present appellants were respondents, they as such respondents were unable to attack the findings of fact for insufficiency of the evidence and, therefore, may in this appeal bring that issue before this court for review. (*Lambert* v. *Bates,* 148 Cal. 146 [82 Pac. 767] ; 2 Cal. Jur., p. 839, sec. 492.) Appellants contend that the evidence is insufficient in the following particulars: 1. As to the ownership of the goods; 2. As to Dellaira's pledge to

the bank; 3. As to the failure of the sheriff to demand indemnity from the plaintiff upon the filing of the amended third-party claim.  [1]  As to the insufficiency of the evidence to support the finding that Dellaira at the time of the levy of the attachment "was the owner and in the exclusive possession, custody and control of said merchandise," the testimony upon that subject is, quoting from the record:

"Mr. Ferrari: If you will admit that the transaction as set forth in the amended claim is true, that is all that we desire to prove; in other words, the warehouse receipt, the date, the time we acquired title, and those matters; I am willing to submit the matter. Mr. Dessouslavy; You claim, I understand, that this property had been pledged to you to secure a debt. Mr. Ferrari: It was assigned to us. Mr. Dessouslavy: Assigned or pledged. Practically, that ·the property had been either assigned or pledged to you to secure a debt, and the property was warehoused, and you got the warehouse receipts as collateral, and on the 2nd or 4th of June, 1919, the warehouse receipts or the property itself came into Dellaira's possession and he had it in his place of business on Front Street. That is what you are seeking to prove? Mr. Ferrari: That in brief is what I am seeking to prove. Mr. Dessouslavy: We will admit that."

The foregoing embraces the stipulation of counsel and those facts under the reasoning and authorities cited by Mr. Justice Richards in the opinion rendered by the court in the case of *Arena* v. *Bank of Italy,* above referred to, fall far short of sustaining appellant's contentions.  [2]  As to the question of Dellaira's pledge of merchandise to the bank previous to the pledge or assignment back to him, we believe the evidence amply sustains the finding that prior to the levy of the writ referred to, the merchandise in question had been pledged to defendant bank by Dellaira as does also the fact that the defendant sheriff released the property upon the filing of the amended third-party claim and without notice to the respondent. We are of the opinion, therefore, that the evidence fully supports the findings.

[3]  As to the second specification of error, namely, that the amount of the judgment was excessive, we also find that the claim of appellants is without merit. The sheriff was directed by the writ to attach certain property, which was done, and thereafter by means of an unlawful release the

property passed into the possession of one not entitled thereto. Upon the direction of the court the property is now restored to its original status and still being lawfully in the hands of the sheriff by virtue of a writ regularly issued it is now available to respondent from which he may satisfy his judgment. The only purpose of the stipulation of the amount in the writ is to fix the liability of the sheriff and to designate the amount of property to be seized and to protect the interests of innocent third parties, but here neither contingency is before the court.

Section 537 of the Code of Civil Procedure provides that the plaintiff may have the property of the defendant attached "as security for the satisfaction of *any judgment* that may be recovered." Section 555 of the Code of Civil Procedure provides for a bond for the release of an attachment conditioned for the redelivery of the attached property "to be applied to the payment of *any judgment* in such action." In its opinion denying a rehearing the supreme court stated that defendants were guilty of conversion. This case, then, is not one affecting the rights of innocent third parties, but involves the consequences of a tortious act as the result of which respondent was deprived of his rights to have the attached property continued to be held by the attaching officer and to be applied to the payment of any judgment he might recover. Appellants' contention that any right to limit, abridge, or cut off the amount which respondent would thus have been entitled to recover from the proceeds of the attached property could be initiated by or founded upon their own wrongful act is obviously untenable and contrary to settled principles of law.

[4] Respondent urges that the motion for a new trial is not properly before the court in that the record is not authenticated as provided by law, but as this court in the case of *Oberkotter* v. *Spreckels,* 63 Cal. App. 683 [219 Pac. 1010], said the proper practice is to dispose of such a question upon a consideration of the merits of the appeal itself and upon that theory we have examined the proceedings upon the motion for a new trial.

In support of the claim of newly discovered evidence appellants have filed two affidavits, one by the assistant vice-president of the Bank of Italy setting forth the transactions between various parties and the defendant bank with respect to the property here in question, which facts as set forth

are considerably at variance with the facts stated in the original and amended affidavits on attachment and with the evidence produced at the trial, and furthermore no showing is made as to why the testimony of affiant was not produced upon the original hearing, particularly in view of the statement that the affiant is assistant vice-president of the Bank of Italy and had been in the employ of said Bank of Italy continually since June 1, 1918, and that during the year 1919 he was assistant manager of the credit department of said Bank of Italy and was familiar during all of said time with the account of Luigi Dellaira doing business as California Grape Association.

The affidavit of Mr. Ferrari, one of the attorneys for appellants, also filed in support of the motion for a new trial, is indefinite and somewhat contradictory, and also does not sufficiently show a reason for not producing the evidence before the trial court.

[5] "No rule is better settled in the courts of this state than that motions for a new trial upon newly discovered evidence are not favorably regarded, and that appellate courts will not disturb the action of a trial court in refusing to grant a motion of this kind, except where it clearly appears that there has been an abuse of discretion." (*Fresno Estate, etc.,* v. *Fiske,* 172 Cal. 583, 601 [157 Pac. 1127, 1134].)

And again, as is said in *Gallatin* v. *Corning Irr. Co.,* 163 Cal. 405, 420 [Ann. Cas. 1914A, 74, 126 Pac. 864]: "The evidence could not be deemed newly discovered, since there was ample time within which the plaintiff might have ascertained all these facts before the trial."

[6] Obviously, appellants cannot predicate their motion for a new trial upon evidence which was at all times in the bank's own files, or upon the testimony of one who was its employee at the time of the first trial.

We find nothing, therefore, in the record or argument of counsel to warrant reversal.

The order and the judgment are affirmed.

Finch, P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 28, 1927.