[Civ. No. 4779. Second Appellate District, Division Two.—April 25, 1928.]

CORA M. TAYLOR, Respondent, v. THOMAS J. DE VAUGHN, Appellant.

John C. Miles for Appellant.

Munson T. Case and C. R. Bainbridge for Respondent.

HAZLETT, J., *pro tem.*—Defendant appeals from a judgment against him and from an order denying his motion for a new trial. ■ The order denying the new trial is not appealable (Code Civ. Proc., sec. 963).

Plaintiff sued as mother of her minor son, and she alleged that she was damaged by reason of malpractice on the part of defendant, a physician and surgeon, in failing to give the minor the usual and necessary surgical care after he reduced a fracture of the minor's left femur.

A companion action was brought against defendant by the minor for damages he alleged he suffered by reason of the alleged malpractice. Counsel for the respective parties in their briefs state that the action by the minor was consolidated and tried with this action in the trial court pursuant to a stipulation and order of court thereon providing for the consolidation and that the evidence received should be used in each case so far as applicable. Separate findings and judgment were given in each action. Defendant appealed separately from the judgment and from the order of the trial court denying his motion for a new trial in the action by the minor. That appeal is entitled *"Robert G. Taylor* v. *De Vaughn"* and is numbered Civil No. 4777, *ante,* p. 318 [266 Pac. 960].

■ The only portions of the record certified to this court in this appeal are those set out in the typewritten clerk's transcript which contains the judgment-roll, defendant's notice of intention to move for a new trial and order denying the motion, notice to the clerk to prepare a transcript as provided in section 953a of the Code of Civil Procedure, notice of appeal, and an *ex parte* order of the trial court to the effect that the action by the minor be consolidated with this action for the purposes of appeal so that both appeals may be considered together.

A typewritten reporter's transcript of the phonographic report of the trial was filed in the appeal in the minor's case, and appellant requests this court to consider that transcript as the reporter's transcript in this appeal, but neither appellant nor respondent printed in their briefs or in any

supplement thereto any part of the record as required by section 953c of the Code of Civil Procedure. Therefore there is nothing before us to show error on the part of the trial court. (*Dahlberg* v. *Dahlberg,* 202 Cal. 295 [260 Pac. 290], and cases therein cited.)

The order of the trial court that the appeals in the two actions should be considered together is ineffective for the reason that the appeals divested that court of further jurisdiction except as to matters not affected by the judgments or orders appealed from (*Estate of Waters,* 181 Cal. 584 [185 Pac. 951]; *Hennessey* v. *Superior Court,* 194 Cal. 368 [228 Pac. 862]); and the trial court is without authority to govern the procedure in a court of appeal.

It also appears that a separate motion for a new trial was made in each action, separate notices of appeal were filed and a separate transcript of the record or of portions of it was made in each appeal, and there is no stipulation that the transcript on appeal in the minor's action should be considered in this appeal. Therefore this court cannot consider that transcript on this appeal even though the two cases were consolidated and tried together in the lower court. (*Harmon* v. *San Francisco & San Rafael R. R. Co.,* 86 Cal. 617 [25 Pac. 124]; *Soule Co.* v. *Severtson,* 68 Cal. App. 46, 48 [225 Pac. 351].)

It appears from appellant's briefs on this appeal that he relies mainly upon the transcript of the phonographic report of the trial filed in the appeal in the minor's case. This court has just given its opinion in that appeal affirming the judgment in favor of the minor. There is nothing in that transcript which would authorize this court to reverse the judgment.

As an incomplete transcript was filed, this appeal should be and has been considered on the merits. (*Oberkotter* v. *Spreckels,* 63 Cal. App. 683 [219 Pac. 1010].)

The judgment is affirmed. The appeal from the order denying a new trial is dismissed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1928.

All the Justices concurred.