[Civ. No. 8768. Second Appellate District, Division One.—February 6, 1933.]

HARVEY H. GATES, Respondent, v. AIMEE SEMPLE McPHERSON, Appellant.

Willedd Andrews for Appellant.

Everett H. Mills and Frank James for Respondent.

CONREY, P. J.—In this action to recover a sum claimed as due under a contract, the cause came on for trial on June 24, 1932, and resulted in findings regularly made by the court, and judgment for the plaintiff. The defendant appeals from the judgment. On this appeal, as shown by the brief of appellant, the only assignment of error is that on said twenty-fourth day of June the court erred "in refusing to continue the trial of the action when said court denied the application of counsel for appellant to present a motion for said continuance"; for which reason it is contended the court erred in rendering the judgment from which the appeal is taken.

Pursuant to notice given, respondent on November 28, 1932, presented to this court his motion to dismiss the appeal or affirm the judgment upon the ground that the appeal was taken for delay only, and that the questions upon which the decision of the cause depends are so unsubstantial as not to need further argument; and upon other grounds which we need not discuss. The motion having been submitted, appellant thereafter, in accordance with notice given, presented her motion to resubmit said motion of respondent, and in that connection that the court add to the record on appeal by directing that the clerk of the superior court make up and prepare a certified copy of the entries made on the register of actions in this case in the court below, and certified copies of the affidavits and the motion for a continuance noticed for the twenty-fourth day of June, 1932, in said action. In support of her motion appellant has attached to her notice of motion filed herein copies of certain affidavits on file in the office of the clerk of the superior court, together with a copy of said register of actions in the case, with a certificate of the clerk of the superior court that said affidavits and register of actions entries are true and correct copies of said documents on file in said action. With one exception, said affidavits appear to have been filed on or before the twelfth day of June, 1932, but there is no certificate that they were used on said motion for continuance of the trial, or that they were introduced in evidence.

From the reporter's transcript of the proceedings at the beginning of the trial on June 24, 1932, the following facts appear: Counsel for appellant asked leave of court "to present an application for continuance on the grounds of the

absence of our client''. It was then stated and admitted that earlier in the day the motion had been presented to Judge Wilson, who was sitting in the calendar department of the court; that Judge Wilson had denied the application. Thereupon Judge Crum denied the application for leave to again present said motion for continuance. Thereupon counsel for appellant stated that ''Judge McComb heard a similar application for a continuance about two weeks ago, he was sitting in the calendar department. The application was presented on substantially the same grounds that existed in support of the application that was made before Judge Wilson this morning.'' Counsel then suggested the fact that at the time of the hearing before Judge McComb the attorney for plaintiff had stipulated that the defendant, if personally present at the trial, would testify to the matters and things set forth in the affidavit which was used in support of the motion for continuance. In reply to this suggestion counsel for plaintiff renewed said stipulation, ''subject, however, to all legal objections to her testimony upon the usual grounds''. The judge then said: ''I assume that at the proper time in the case, the matter will be called to the court's attention by your offer to read this affidavit into evidence. Of course, I realize that this is a part of the files in the case; it is not evidence. We can pass that by for the time being.'' It was upon the foregoing state of the record with reference to the application for continuance that the court proceeded with the trial of the case.

Appellant has not shown here any defects in the record as contained in the transcripts on file. The affidavits which were on file in the trial court, relating to the subject matter of the motions for continuance, are not documents which should be brought into the record on appeal as part of the ''clerk's transcript''. The clerk's certificate would not be sufficient to show that the affidavits were used in the proceedings before the trial court. If appellant desired to bring them to this court she should have included them in her request for a transcript, in the court below. (Sec. 953a, Code Civ. Proc.) If so requested they would, in due course, be included in the transcript to be certified, as to its truth and correctness, by the judge. (*Pierce* v. *Works,* 171 Cal. 684 [154 Pac. 852].) ''It has long been settled, with regard to the affidavits used on a motion, that they must be

identified and authenticated by the trial judge before they can be considered by this court.'' (*Waymire* v. *California Trona Co.,* 176 Cal. 395, 398 [168 Pac. 563, 565]; *Espinosa* v. *Gould,* 47 Cal. App. 316 [190 Pac. 481].)

It does not appear from the facts shown in the record of this cause that the court erred in its refusal to allow any further postponement of the trial. It is not claimed that there is any other ground of appeal.

The motion of appellant is denied. The motion of respondent is granted, and the judgment is affirmed.

Houser, J., and York, J., concurred.