[L. A. No. 15405.   In Bank.—December 30, 1935.]

STEPHANIE STRUMBERGER et al., Appellants, v. RICH-
ARD H. HALL et al., Respondents.

Kent C. Rogers and John C. Kleber for Appellants.

Louis Feinstein for Respondents.

THE COURT.—This is a motion to dismiss the appeal or
affirm the judgment on the ground the appeal was taken
for delay and the questions are so unsubstantial as not to

require further argument. An order of affirmance of the judgment was heretofore made from the bench.

The action was instituted by Stephanie and Louis Strumberger to quiet title and to declare a trust with respect to a promissory note and a deed of trust securing it, payable to Elizabeth Strumberger Hall, daughter of plaintiffs and wife of defendant Hall, and now deceased. The plaintiffs allege they are the beneficiaries of a resulting trust with respect to the note in that the consideration therefor was money belonging to them and that the payee had no beneficial interest therein and during her lifetime claimed no such interest but was the holder of the bare legal title and that the trust was terminated by the endorsement of the note and the assignment of the security to the plaintiffs and plaintiffs are the legal as well as the equitable owners thereof. The prayer is for the determination of the adverse claims of the defendant. Hall filed a disclaimer in his individual capacity but, as executor of the estate of Elizabeth Strumberger Hall, he filed an answer denying the ownership of plaintiffs and the resulting trust in their favor, alleging that the assignment and endorsement were obtained by fraud of the plaintiffs and set up as an affirmative defense an action in the municipal court wherein he, as administrator, obtained a judgment against the plaintiffs determining that he was the owner of and entitled to possession of the note and trust deed. The municipal court judgment is pleaded as *res judicata* and by way of estoppel in that the title to the note and trust deed being there in issue, the plaintiffs should have set up their claim of trust by counterclaim. The findings of the court recite a stipulation of the parties for a determination of the issues of *res judicata* and estoppel before the presentation of plaintiff's case, and on these issues the court found in favor of the defendant. Judgment was entered declaring plaintiffs had no right, title or interest in the note and canceling the assignment to them by Elizabeth S. Hall. Plaintiffs thereafter moved for a new trial on the ground of irregularity in the proceedings which prevented plaintiff from having a fair trial, insufficiency of the evidence, errors in law and accident and surprise which ordinary prudence could not have guarded against. The motion was denied. The claims of irregularity, accident and surprise are supported by affidavits to the effect that, when the stipulation for the trial

of the issues of *res judicata* and estoppel in advance of the main case was entered into, counsel, for plaintiffs stated to the court that it was their understanding that for the purpose of the trial of these issues the allegations of the complaint were to be taken as true; that the court and counsel for defendant acquiesced in this statement; that counsel for plaintiffs were therefore led into the belief that if the trial proceeded in this irregular manner the court would for purposes of the trial of this issue consider the allegations of the complaint as true; that plaintiffs proposed findings to the effect that the allegations of the complaint were true, which the trial court refused, and that plaintiffs were thus misled and prevented from having a fair trial.

Respondent argues in support of his motion to dismiss this appeal that, the appeal having been taken on the judgment roll alone, error in connection with the order denying the motion for a new trial cannot be considered since the affidavits in support of and opposed to the motion, although contained in the record, are not properly a part of the judgment roll, and that no transcript or bill of exceptions having been brought up it is not open to the appellant to raise questions in connection with the findings on the issues of *res judicata* and estoppel which support the judgment. The record in the municipal court action was introduced in evidence in the trial of these issues.

Appellants argue in their opening brief that the municipal court action was one in replevin and hence the issue of equitable ownership was not determined but only the right to possession. However, in the absence of the record which the trial court had before it, it would seem that the findings that the plaintiffs were precluded from again raising these issues must be taken as supported by the evidence so that unless the question of the propriety of the ruling on the motion for a new trial is open for consideration there seem to be no substantial questions raised by the opening brief.

The record contains the complaint, answer, findings, conclusions of law, judgment, stipulation for a trial on the two issues only, the notice of motion for a new trial and affidavits in support of and opposed to the motion, notice of appeal and notice and request for a transcript to be prepared ''in accordance with the provisions of section 950 of the Code of Civil Procedure''. The request lists, in addition to a

transcript of the judgment roll, "the plaintiff's proposed findings of fact and conclusions of law; notice of intention to move for a new trial and a copy of all affidavits of plaintiffs and plaintiffs' attorneys on motion for new trial, order denying new trial".

It seems clear that the affidavits in connection with the motion for a new trial are not properly before us, being certified by the clerk only and not being brought up either by bill of exceptions or by reporter's transcript under section 953a of the Code of Civil Procedure. (*Cohen* v. *City of Alameda,* 124 Cal. 504 [57 Pac. 377]; *Jeffords* v. *Young,* 197 Cal. 224 [239 Pac. 1054]; *Lewis* v. *Grunberg,* 205 Cal. 158 [270 Pac. 181]; *Gates* v. *McPherson,* 129 Cal. App. 473 [18 Pac. (2d) 980].) ▮ Hence there is no support in the record now before us for the claimed error in the denying of a new trial.

*Keck* v. *Keck,* 217 Cal. 280 [18 Pac. (2d) 338], holds that, in a proper case, an appellate court may allow the temporary withdrawal of a record for the purpose of procuring its proper authentication or certification. However, the instant case would, if such a withdrawal were allowed, extend the principle of the Keck case for the reason that there was not, as in the Keck case, any attempt to bring up the evidence by proper transcript or bill of exceptions. The notice to the clerk indicates an attempt to appeal on the judgment roll, alone or with a bill of exceptions, as provided by section 950. No attempt was made to present a bill of exceptions and no transcript, so far as the record shows, was requested under section 953a. In the Keck case the notice was broad enough to include a reporter's transcript and the record was improperly authenticated mainly through the fault of the officials who made it up.

In view of the fact that the record, or so much of it as has been properly brought up, is insufficient to uphold the claims of the appellants, the judgment should be and is affirmed.