This is an appeal by the defendants from an order of the district court of Stutsman county confirming a mortgage foreclosure sale.
The order was made after hearing had under § 2, chapter 165, Laws 1939, which provides: "When any mortgage or other lien has been foreclosed by action, the court shall, on the coming in of the report of sale, on the request of any party who has been personally served with a summons or who has appeared, cause notice of hearing thereon to be served on the parties to the action who have appeared, and fix the time and place for hearing on said report. Before granting an order confirming said sale, the court shall, if it appears upon due examination that the sale price is unreasonable and unfairly inadequate, or that justice has otherwise not been done, order a resale." Laws 1939, chap. 165, § 2.
The material facts are substantially as follows: The plaintiff is the owner of a mortgage on 480 acres of land in Stutsman county in this state. The mortgage was executed in October 1934. Default was made in the payment of the debt secured by the mortgage, and thereupon the plaintiff, in January 1938, instituted this action in the district court of Stutsman county to foreclose the mortgage. Such proceedings were had in the action that on August 27, 1938, a judgment was rendered and docketed in said district court whereby it was adjudged that there was due and owing to the plaintiff on the indebtedness secured by the mortgage the sum of $5,913.45, and further adjudging that the mortgage be foreclosed and the mortgaged premises, or so much thereof as might be sufficient to raise the amount adjudged to be due, be sold. On October 24, 1938, a sale was had and the premises *Page 387 
were sold to the plaintiff for $1,680. The defendants filed objections to the confirmation of the sale and the trial court made an order vacating the same, pursuant to the provisions of § 3, chapter 161, Laws 1937, on the ground that the amount bid by the plaintiff was unreasonable and unfairly inadequate and ordered that a resale be had. First Nat. Bank v. Paulson, 69 N.D. 512, 288 N.W. 465. Thereafter such proceedings were had that on January 19, 1940, a resale was had. The plaintiff submitted a bid of $1,570.48. This was the only bid submitted. The bid was accepted and the premises were struck off to the plaintiff for the amount bid by him. At the time of the sale there were taxes outstanding against the property aggregating $829.52. In due course the plaintiff presented to the court the sheriff's report of sale and asked that the sale be confirmed. The defendant filed written objections to the confirmation and asked that plaintiff's application for confirmation be denied and that the court order a resale of the premises on the grounds that the price bid was "unreasonable and unfairly inadequate and that justice has otherwise not been done." A hearing was had upon the issues thus raised, at which both sides appeared and introduced evidence. Several witnesses were sworn and testified. The evidence discloses that the plaintiff did not content itself merely with the publication of the legal notice of sale. This notice was supplemented by advertisements in the principal newspapers in the county in which the land is located. These advertisements were prominently displayed and called attention to the sale. These were further supplemented by personal letters calling attention to the sale, written by the attorney for the plaintiff to the defendant administrator as well as to persons engaged in the real estate business in the locality where the land is situated. Testimony was adduced as to the value of the land. The witnesses called by the plaintiff and those called by the defendant differed widely as to such value. Two witnesses called by the plaintiff testified that the market value of the land at the time of the sale was approximately $5 per acre. A witness called by the defendant testified that, in his opinion, the land was worth $6,000 in all, or $12.50 per acre. Evidence was also adduced tending to show that the defendants were financially able to make redemption.
In a memorandum opinion the trial court said:
"Where the mortgagor or his successors have the means to redeem, *Page 388 
or can redeem, they have an adequate remedy. The reason for a moratorium law during the past years was to protect the mortgagors during the economic depression, so that their property might not be sacrificed. The moratorium is intended for debtors who through no fault of their own are unable to protect their property through other lawful means. . . .
"The evidence here shows that the defendants have $2,700 in money at this time which is more than enough to redeem the land and pay all the back taxes. . . .
"The land is probably worth a little more than $5 an acre. I think the testimony of Mr. Wolfer that it is probably worth $8 an acre is about correct."
The transcript of the evidence submitted as a part of the record on this appeal sustains these statements of the trial court.
No question has been raised as to the appealability of the order sought to be reviewed on this appeal (nor was any question raised as to the appealability of the order involved on the former appeal), and inasmuch as the order doubtless is subject to review in some appropriate appellate proceeding in this court, we deem it proper to dispose of the questions presented on the merits without, however, committing ourselves to the view that such order is appealable should that question be directly raised in another case in the future. Johnson v. Great Northern R. Co.12 N.D. 420, 422, 97 N.W. 546.
Appellants contend that it was incumbent upon the trial court to make findings of fact and conclusions of law as required by § 7639, Comp. Laws 1913, and that the failure to do so constitutes reversible error. The contention is not well-founded. Section 7639, Comp. Laws 1913, reads: "In giving the decision the facts found and the conclusions must be separately stated. Judgment upon the decision must be entered accordingly."
This section does not purport to apply to a decision made upon a motion, where no judgment is rendered, and the final determination is evidenced by an order. Waymire v. California Trona Co. 176 Cal. 395, 168 P. 563; Minneapolis Trust Co. v. Menage, 86 Minn. 1, 93 N.W. 1. The section is applicable only to cases, where there is a trial by the court of an issue of fact, arising upon material averments, presented by formal pleadings, and "where the decision of the court following *Page 389 
the findings is a judgment." Comp. Laws 1913, §§ 7603, 7605, 7609, 7637, 7639; Waller v. Weston, 125 Cal. 201, 57 P. 892; Minneapolis Trust Co. v. Menage, 86 Minn. 1, 93 N.W. 1, supra; Waymire v. California Trona Co. 176 Cal. 395, 168 P. 563, supra; 64 C.J. p. 1228.
Appellants objected to the confirmation of the sale on the grounds that the sale price was unreasonable and unfairly inadequate and that justice had otherwise not been done. The order confirming the sale constituted a finding by the trial court against the appellants upon the questions, both of law and fact, raised by the objections to the confirmation of the sale. But the trial court did not content itself with the mere entry of a formal order confirming the sale. The trial court prepared and filed an extended memorandum decision wherein the views of the court as to the evidence and the effect thereof were clearly stated.
The trial court heard and saw the witnesses, and after careful consideration of all the facts and circumstances, reached the conclusion that it had not been shown that the sale price was unreasonable and unfairly inadequate or that justice had otherwise not been done. The trial court, among other things, pointed out in the memorandum opinion that the remedy of redemption was available to the appellants, in fact as well as in law; that the appellants not only had the legal right to redeem, but had available funds with which to make redemption.
In the decision on the former appeal, we said:
"Courts of equity have a general supervision over judicial sales made under their decrees and may set aside or vacate sales for cause. . . . Such supervision will be exercised with the end in view that no injustice shall be done to any of the parties, and that the property shall be so sold as may best conduce to that end. . . .
"The statutory provision in question here did not confer upon the district court any new power. That court always had power to entertain a timely motion to set aside a sale made under a decree of foreclosure and it had power, and it was its duty, to grant such motion where the ends of justice would be best subserved thereby. In the former decisions of this court, the view was expressed that where a motion to set aside a sale is made on the sole ground of inadequacy of price the right of redemption will furnish an adequate and complete *Page 390 
remedy against the sacrifice of the property, where the owner had knowledge of the sale and an opportunity to redeem.
"Those decisions did not deny the power of the district court to consider or to grant the motion to set aside the sale on the ground of inadequacy of price in a case where the owner's property would be sacrificed if the sale were not set aside. They merely held that a sale will not be set aside for mere inadequacy of price in a case where the right of redemption furnishes to the owner an adequate remedy `against the injustice of the sacrifice of his property,' but they limited the application of the holding to cases where the remedy furnished by the right of redemption was adequate. . . .
"Chapter 161, Laws 1937, bears unmistakable evidence that the lawmakers had become convinced that under then prevailing economic conditions the statutory right of redemption did not afford an adequate remedy against the sacrifice of property for inadequacy of price in all cases — even where the owner had knowledge of the sale and an opportunity to redeem. . . .
"This statutory provision did not confer any new power, or enlarge any existing power of the court. It merely recognized the existence of `appropriate equitable powers,' and `assured to the court the exercise' of such powers of supervision and control over sales made under its decrees. . . . In absence of the statute, the court would have had power to hear and determine a motion to set aside a sale, `before granting an order' of confirmation. In absence of the statute, the court would have had power to set aside a sale, where the refusal to do so would have resulted in injustice.
"The statute does not authorize that a sale be set aside in any case, except after `due examination,' and then only `if it appears . . . that the sale price is unreasonable and unfairly inadequate, or that justice has otherwise not been done.' In other words, the sale is to be set aside only when the facts and circumstances disclosed `upon due examination' are such as to shock the conscience of the court. It is not enough that the sale price be inadequate, it must be `unreasonable and unfairly inadequate' in order to justify or require the ordering of a resale. Obviously, the question whether a sale price in any case is or is not `unreasonable and unfairly inadequate' is not merely a matter of arithmetic. A determination of the question involves a consideration *Page 391 
of all the facts and circumstances, and the result of the sale so far as the parties are concerned. . . .
"Whether a sale shall be set aside, either before or after confirmation, is a matter resting largely in the judicial discretion of the trial court. . . . Such discretion will be exercised more freely before than after confirmation of the sale. . . .
"It is the trial court — not the appellate court — that is charged with the duty of supervising the sale. It is the trial court that is vested with discretionary powers in determining whether the sale shall be confirmed, and where a sale has been confirmed whether, notwithstanding such confirmation, it shall be vacated. The great question, on the merits of the appeal, is whether the trial court acted arbitrarily and capriciously, and thus plainly abused its discretion. . . . `The ultimate test always is whether or not the action of the court in setting aside the sale was a gross abuse of discretion.' If there were no abuse of discretion, the order must stand." First Nat. Bank v. Paulson,69 N.D. 512, 288 N.W. 465.
These rules are as applicable here, as they were on the former appeal; and when applied they lead to but one conclusion, namely, that the order appealed from has not been shown to be erroneous. The presumption is that it is correct, and this presumption has not been overcome.
Affirmed.
NUESSLE, Ch. J., and BURR, MORRIS, and BURKE, JJ., concur.